THE STATE OF OHIO, APPELLEE, *v.* LAMPKIN, APPELLANT.

(No. 43608—Decided January 14, 1982.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.

*Mr. Hyman Friedman,* public defender, and *Ms. Marilyn Fagan Damelio,* for appellant.

DAY, J. This is an appeal by defendant-appellant Bennett C. Lampkin (defendant) from the refusal of the Cuyahoga County Common Pleas Court

to grant him hearings on his motions for treatment as a drug dependent person in lieu of conviction (R.C. 2951.041) and for conditional probation as a drug dependent person (R.C. 2951.04).

Defendant assigns two errors:

"I. The trial court erred and denied appellant due process of law when, after a motion for treatment in lieu of conviction was timely made, the court failed to hold a hearing and make findings when it had reason to know that appellant was, or was in danger of becoming, drug dependent.

"II. The trial court erred and denied appellant due process of law when, after a motion for conditional probation was timely made, the court failed to hold a hearing when it had reason to know that appellant was, or was in danger of becoming, drug dependent."

For the reasons adduced below the judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.

I

Defendant was indicted July 24, 1980 for a violation of R.C. 2911.02 (robbery). Without counsel he pled not guilty at his arraignment on August 26, 1980. On October 2, 1980 defendant moved in writing for treatment in lieu of conviction under the provenance of R.C. 2951.041.

On October 8, 1980 the trial court in a marginal note on a copy of the motion denied the defendant's motion without a hearing. Defendant was tried to a jury and convicted on October 24th. Upon renewal of the R.C. 2951.041 motion, the court again denied it without a hearing. Two days before his sentencing hearing, defendant filed a *pro se* motion which the court denied in a journal entry dated March 9th. The motion could be inferred to be pursuant to R.C. 2951.04 but the court called it a motion for modification of sentence in its journal entry. At his sentencing hearing on February 25, 1981 the R.C. 2951.041[1] motion was put again and an additional motion made. The latter asked for conditional probation implicitly, but not specifically, pursuant to R.C. 2951.04. The record is somewhat obscure but it appears that the trial court meant to deny both the defendant's motions, and sentenced him to five to fifteen years at the Mansfield Reformatory.

II

The disposition of the first assignment of error depends upon an interpretation of R.C. 2951.041(A). That section provides:

"(A) If the court has reason to believe that an offender charged with a felony or misdemeanor is a drug dependent person or is in danger of becoming a drug dependent person, the court *shall, prior to the entry of a plea, accept that offender's request for treatment in lieu of conviction.* If the offender requests treatment in lieu of conviction, the court shall stay all criminal proceedings pending the outcome of the hearing to determine whether the offender is a person eligible for treatment in lieu of conviction. At the conclusion of the hearing, the court shall enter its findings and accept the offender's plea." (Emphasis added.)

Section (A) is not a model of clarity but it seems reasonably apparent that if treatment in lieu of conviction is to be secured, the request must come before the plea. In this case none of the requests under R.C. 2951.041 came before the plea. Therefore the trial court was not in error in denying the motion with or without a hearing. A hearing on an untimely motion[2] is not mandatory.

Assignment of Error I is without merit.

---

[1] Referred to in the motion as "2951.04 for probation in lieu of any sentence." Obviously reference to R.C. 2951.041 was intended.

[2] R.C. 2951.041(B) provides an elaborate set of conditions which, if met, entitle a defendant to the benefits of the statute if his hearing

## III

The second assignment of error implicates, however imprecisely, the issue of the right to a hearing following a motion for conditional probation for drug treatment (R.C. 2951.04). That statutory section specifies no particular instant at which the request must be made except that it be after conviction. When no time is specified it will be presumed the legislature intended that the request should come within a reasonable time after conviction. In this case it appears that the R.C. 2951.04 request was made for the first time (some months after conviction) at the sentencing hearing on February 25, 1981.[3] However, the record does not show that after the conviction the trial judge ever advised defendant of his right to request R.C. 2951.04 probation. Given the beneficent purposes of the statute, a liberal reading of timeliness is appropriate. This is so, particularly, because the trial judge involved did not discharge his statutory obligation to tell defendant of his "right to request conditional probation for purposes of treatment and rehabilitation." (R.C. 2951.04 [A].)

If a request for conditional probation under R.C. 2951.04 is timely made, the statute mandates a hearing to determine eligibility.[4] For in pertinent part R.C. 2951.04 provides:

"(B)  Within a reasonable time after receipt of the request for conditional probation, the court shall hold a hearing to determine if the offender is eligible for conditional probation. The offender is eligible for conditional probation if the court finds that: * * * [the statutory list of required findings is omitted]."

Defendant was not given the requisite hearing. This was error. The salutary purposes of the statute will be defeated unless the error is deemed prejudicial and the cause remanded.

Assignment of Error II is well taken.

## IV

Sentence is vacated and the cause remanded for further proceedings to determine whether the defendant is eligible for conditional probation under R.C. 2951.04.

Sentence vacated; cause remanded for further proceedings.

*Judgment reversed
and cause remanded.*

JACKSON, C.J., and CORRIGAN, J., concur.

_____

request is timely. However, the trial court determines whether statutory entitlement is present but *only* after a hearing. For the first line of Section (B) provides: "The offender is eligible for treatment in lieu of conviction *if the court finds* that * * * [the conditions follow]." (Emphasis added.) Thus, upon timely motion the hearing is mandatory.

[3] A different judge presided at sentencing. The request for R.C. 2951.04 treatment was denied without a hearing.

[4] In *State* v. *Hill* (June 14, 1979), Cuyahoga App. Nos. 40589, 40590, 40708-40711, unreported, at page 13, it was said that R.C. 2951.04 "clearly requires a court, where it has reason to believe a convicted offender to be drug dependent, to advise him of his right to request conditional probation for treatment purposes. If the offender makes such request, the court *must* hold a hearing to determine if the offender is eligible for such probation." (Emphasis added.)