**The STATE of Ohio, Appellee,**

**v.**

**BAKER, Appellant.**

[Cite as *State v. Baker* (1995), 99 Ohio App.3d 718.]

Court of Appeals of Ohio,
Third District, Shelby County.

No. 17–94–18.

Decided Jan. 9, 1995.

*James Stevenson*, Shelby County Prosecuting Attorney, and *Michael F. Boller*, Assistant Prosecuting Attorney, for appellee.

*Scott D. Rudnick Co., L.P.A.,* and *Scott D. Rudnick,* for appellant.

---

HADLEY, Judge.

Defendant-appellant, Kimberly D. Baker, appeals from the judgment entry filed in the Shelby County Court of Common Pleas, sentencing her to one and one-half years' imprisonment (suspended pending successful compliance with probation conditions for five years), sixty days in the Shelby County Jail, six-month motor vehicle license suspension, and a fine of $1000 for a violation of R.C. 2925.03(A)(1).

An indictment was presented to appellant by the Shelby County Grand Jury on February 11, 1994, alleging three violations of R.C. 2925.03(A)(1), of which two were third degree felonies and one was a fourth degree felony. Appellant initially pleaded not guilty to all three counts in the indictment.

On May 24, 1994, appellant pleaded guilty to the fourth degree felony count in the indictment.

On June 9, 1994, appellant filed a request for conditional probation, pursuant to R.C. 2951.04. On June 27, 1994, a hearing was held on the matter of appellant's sentencing. At the conclusion of the hearing, appellant was sentenced as set forth above.

It is from the trial court's judgment entry of sentencing that appellant asserts the following assignments of error:

### Assignment of Error Number One

"The trial court committed prejudicial error in failing to follow the sentencing guidelines set forth in Ohio Revised Code."

Appellant alleges in her first assignment of error that the trial court failed to consider any of the criteria required by R.C. 2929.13 when it imposed sentence upon her, as the record is devoid of any indication that the trial court considered the relevant statute.

R.C. 2929.13 sets forth the criteria for a trial court to consider when imposing sentence for third or fourth degree felonies. Thus, we agree with appellant that the trial court must consider the criteria in R.C. 2929.13, as that statute states that the trial court "shall" consider the criteria therein. However, we disagree with appellant that the trial court herein failed to consider those criteria.

■ Although the criteria listed in R.C. 2929.13 must be considered by a trial court when imposing sentence for a third or fourth degree felony, the trial court need not state in the record that it considered the criteria. *State v. Bivens* (1988), 49 Ohio App.3d 75, 550 N.E.2d 497. The requirement of R.C. 2929.13 that a trial court must review the criteria is satisfied if the record reflects that the trial court reviewed a presentence report prior to imposing sentence. *State v. Koons* (1984), 14 Ohio App.3d 289, 14 OBR 345, 470 N.E.2d 922; *State v. Turner* (1987), 37 Ohio App.3d 38, 523 N.E.2d 326.

■ Herein, the June 27, 1994 transcript of the sentencing hearing reflects that the trial court stated that it had reviewed the presentence report compiled on appellant. Moreover, the trial court again states in its July 5 judgment entry of sentencing that it had "studied" the presentence report prior to imposition of appellant's sentence.

Thus, appellant has not established that the trial court did not consider the criteria of R.C. 2929.13 prior to imposition of her sentence. Therefore, this assignment of error is overruled.

### Assignment of Error Number Two

"The trial court erred to the prejudice of the appellant by failing to hold a hearing on the request for conditional probation filed prior to sentencing."

As stated above, appellant filed a request for conditional probation with the trial court on June 9, 1994, pursuant to R.C. 2951.04. R.C. 2951.04(B) states that if a defendant requests conditional probation:

" * * * the court shall hold a hearing to determine if the offender is eligible for conditional probation. The offender is eligible for probation if the court finds that:

"(1) The offender is drug dependent or is in danger of becoming drug dependent, and he may benefit from rehabilitation or treatment;

"(2) The offender has been accepted into an appropriate drug treatment facility or program for rehabilitation or treatment. * * *

"(3) The offender has committed an offense for which probation may be granted in accordance with section 2951.02 of the Revised Code. * * * "

Appellant complains that the trial court erred to her prejudice by not holding a hearing on her request for conditional probation. As noted by appellant, R.C. 2951.04 makes it mandatory upon the trial court to hold a hearing on eligibility when a timely request is made. *State v. Lampkin* (1982), 3 Ohio App.3d 341, 3 OBR 397, 445 N.E.2d 711.

At the beginning of the sentencing hearing, the following colloquy occurred between appellant's counsel and the trial court:

"MR. STEVENSON: If it please the Court, the case to come before you at this time is case number 94–CR–22, State of Ohio versus Kimberly D. Baker.

"The Defendant was previously before this Court and entered a plea of no contest to trafficking in marijuana, a felony offense of the fourth degree upon which time the Court found the Defendant guilty. We're here today for sentencing; and I might note that on June 9 of this year, the Defendant filed a request for conditional probation pursuant to Revised Code Section 2951.04.

"THE COURT: Thank you."

■ Although the trial court did not state on the record that the proceeding before it on June 27 included the request for conditional probation, the matters encompassed the eligibility requirements for conditional probation, as stated *supra* in R.C. 2951.04(B)(1) through (3). In regard to R.C. 2951.04(B)(1), the trial court acknowledged appellant's drug dependency at the June 27 hearing. In regard to R.C. 2951.04(B)(2), there was testimony by appellant's counsel at the hearing that she was, at that time, undergoing treatment for her drug dependency problem, and that the trial court had before it in the presentence report further consideration of a drug treatment program for appellant. Finally, in regard to R.C. 2951.04(B)(3), the trial court had knowledge of the requirements of R.C. 2951.02 for permitting probation.

Therefore, we find that the trial court did hear appellant on the issue of her eligibility for conditional probation. Moreover, the facts herein are distinguishable from the case relied upon by appellant, *State v. Poindexter* (Dec. 29, 1993), Montgomery App. No. 13385, unreported, 1993 WL 541637. In *Poindexter*, the trial court summarily overruled appellant's request for conditional probation at the hearing on the request, without hearing from appellant at all. After overruling the request, and listening to defendant's counsel and providing the defendant with the opportunity to speak prior to imposition of sentence, the trial court sentenced the defendant. Herein, while not specifically questioned on the issue of conditional probation by the trial court, appellant and her counsel addressed the eligibility requirements of R.C. 2951.04(B). Also, the defendant in *Poindexter* wanted to address the accuracy of his presentence report. Appellant herein has not complained that her presentence report was inaccurate. Finally, there was a question in *Poindexter* as to his eligibility for conditional probation. In the matter *sub judice*, the state does not contest that appellant may be eligible for conditional probation. The only question herein is whether appellant was heard on whether she was eligible for conditional probation. Based upon the

record before us, and in the absence of the presentence report, we conclude that appellant was heard on the issue of conditional probation.

Therefore, this assignment of error is overruled.

The judgment of the Shelby County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SHAW, P.J., and EVANS, J., concur.