OPINION
On July 2, 1992, appellant, Thomas A. Farah, was indicted by the Trumbull County Grand Jury on one count of aggravated vehicular assault with specification, in violation of R.C.2903.08, a felony of the fourth degree. On September 8, 1992, appellant pled guilty to the charge, and a pre-sentence investigation report was ordered by the trial court. On December 23, 1992, appellant was sentenced to an indefinite period of incarceration of eighteen months to five years plus fine and costs.
On March 28, 1994, appellant filed a motion for leave to file a delayed appeal in this court. At appellant's request, this court dismissed that appeal on November 18, 1994. On August 18, 1994, appellant filed a motion with the trial court for conditional probation for drug treatment, or in the alternative, a motion to suspend further execution of sentence. Appellant further petitioned the court to have him returned from prison to attend the hearing on his conditional probation motion. On October 7, 1994, the trial court denied his motion to attend a conditional probation hearing. Subsequently, on October 12, 1994, the trial court overruled appellant's motion for conditional probation, or in the alternative, to suspend further execution of sentence.
On December 26, 1996, appellant filed a motion in the trial court to hold a hearing on his motion for conditional probation which he claimed this court ordered the trial court to conduct. It is clear, however, that this court never ordered the trial court to conduct any such hearing. Thus, on December 30, 1996, the trial court denied appellant's motion. On January 21, 1997, appellant timely filed a notice of appeal from the trial court's judgment with the following assignments of error:
 "1. The trial court erred when it did not order a hearing as to finding of treatment in lieu of conviction, and/or issue order with service on defendant, i.e., new order, since defendant received no notice of hearing, or order in re same in violation of the appellants [sic] due process rights, equal protection rights, guaranteed by the 14th amendment of the U.S. Constitution, and the appellants [sic] 5th 6th amendment's [sic] U.S. Constitutional rights to be `physically present' and said hearing, with an attorney of his choice, so he can subpoena witnesses, cross examine witnesses, and offer evidence as to why the appellants [sic] should be granted `treatment in lieu of conviction' the supra scenario, ie, [sic] no notice: depriving the trial court of jurisdiction over appellant in re the binding of any such hearings results, over the appellant all in violation of the appellants [sic] U.S. Constitutional rights, set forth supra.
 "2. Per the record, the appellant is in the process of serving a 5 year sentence, when per the record, the Ohio legislature has reduced the maximum time for aggravated vehicular assault, R.C. 2903.08, to a maximum sentence of `18 months', per the will of the people of the state of Ohio, so as to cause the appellant tohave [sic] served his sentence, under the `new law' and `new sentencing mandate', [sic] making the appellant `actually innocent' of the sentence he is now serving in violation of his due process rights, equal protection rights, violation of 8th amendments violation of `cruel and unusual punishment', [sic] in violation of the U.S. Constitution and Ohio Constitution, depriving the courts of `jurisdiction' over the appellant, via the new law, since the old sentence is inapplicable, void, in violation of law."
In the first assignment of error, appellant contends that the trial court erred in denying his motion for a hearing on his motion for treatment in lieu of conviction.
R.C. 2951.041(A) provides:
 "If the court has reason to believe that an offender charged with a felony or misdemeanor is a drug dependent person or is in danger of becoming a drug dependent person, the court shall accept, prior to the entry of a plea, that offender's request for treatment in lieu of conviction. If the offender requests treatment in lieu of conviction, the court shall stay all criminal proceedings pending the outcome of the hearing to determine whether the offender is a person eligible for treatment in lieu of conviction. At the conclusion of the hearing, the court shall enter its findings and accept the offender's plea." (Emphasis added.)
It is clear that pursuant to the foregoing statutory language, a request for treatment in lieu of conviction must be made prior to the entry of a plea. In the present cause, appellant did not make his request until almost two years after entering his plea. Hence, the trial court did not err in denying appellant's motion with or without a hearing. Under a similar fact pattern, the Eighth District Court of Appeals held that "[a] hearing on an untimely motion is not mandatory." State v. Lampkin (1982),3 Ohio App.3d 341, 342. We agree and, accordingly, find appellant's first assignment of error to be without merit.
In the second assignment of error, appellant claims that the trial court erred by not retroactively sentencing him pursuant to Am.Sub.S.B. No. 2, which amended the felony sentencing provisions effective July 1, 1996. Appellant asserts that under the new law, the maximum sentence he could receive for his crime was eighteen months and, since he has spent more than eighteen months in prison, he should now be released.
The retroactivity of Am.Sub.S.B. No. 2 has been addressed by the Supreme Court of Ohio in State ex rel. Lemmon v. Ohio AdultParole Auth. (1997), 78 Ohio St.3d 186. There, the court considered and rejected the same argument now made by appellant. The court held that Am.Sub.S.B. No. 2 was not made retrospective and that the refusal to apply the new law retroactively is neither an equal protection nor due process violation. Id. at 188.
Accordingly, the trial court properly refused to apply Am.Sub.S.B. No. 2 retroactively. Appellant's second assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
WILLIAM M. O'NEILL, JUDGE.
CHRISTLEY, P.J., and O'NEILL, J., (Joseph), Ret., Seventh Appellate District, sitting by assignment, concur.