OPINION
Defendant-appellant Linda Metz appeals from her conviction and sentence, following a no-contest plea, for Driving Under the Influence. Metz contends that the trial court erred by denying her motion to withdraw her not guilty plea and enter a plea for treatment in lieu of conviction, without a hearing. We conclude that the trial court was not required to hold a hearing on the motion, since it was made after Metz's not guilty plea had been tendered. We further conclude that the trial court correctly determined that Metz had failed to provide the trial court with a reason to believe that she was a drug dependent person, or in danger of becoming drug dependent. Accordingly, the judgment of the trial court is Affirmed.
 I
In February, 2000, Metz was charged with operating a motor vehicle while under the influence of alcohol and or drugs of abuse. She admitted to the arresting officer that she had had "a couple of drinks," and that she was on Prozac and Vicodin. Metz refused to submit to a breath test.
Three days later, on February 18, 2000, Metz entered a written plea of not guilty to the offense. She also requested discovery on that date. On March 17th, Metz filed a motion to suppress evidence, contending that it was the result of an unlawful search and seizure and unlawful questioning. A hearing was originally scheduled on this motion for May 2, 2000, but, by entry dated April 5, 2000, it was continued to May 12, 2000, at the request of Metz's counsel.
On April 28, 2000, Metz filed the following motion:
 Now comes the Defendant herein and Moves this Court for an Order granting her leave to withdraw her previous plea of Not Guilty and enter a request for Treatment in Lieu of Conviction pursuant [sic] R.C. Section 2951.041.
 Her memorandum in support of this motion consisted, in its entirety, of the following:
 The Defendant meets the criteria in O.R.C. 2951.041, which section outlines the requirements for a Defendant to be eligible for drug treatment in lieu of conviction. In the instant case, the charge is being under the influence of alcohol and/or drugs.
 Based upon the aforementioned Ohio Statute, the Defendant herein respectfully requests that she be permitted to obtain drug treatment in lieu of conviction in the within case.
(Emphasis in original.)
The trial court, without a hearing, denied Metz's motion to withdraw her plea and enter a plea for treatment in lieu of conviction. Thereafter, Metz pled no contest to the charge, was found guilty, and was sentenced accordingly. From her conviction and sentence, Metz appeals.
 II
Metz's sole assignment of error is as follows:
 THE TRIAL COURT ABUSED ITS DISCRETION BY OVERRULING THE REQUEST FOR TREATMENT IN LIEU OF CONVICTION WITHOUT A HEARING AND FINDING THAT APPELLANT WAS A REPEAT OFFENDER.
In State v. Lampkin (1982), 3 Ohio App.3d 341, it was held that a defendant is not entitled to a hearing on a motion for treatment in lieu of conviction when the motion is filed after the defendant has pled not guilty to the charge. At that time, the statute, R.C. 2951.041(A), provided as follows:
 If the court has reason to believe that an offender charged with a felony or misdemeanor is a drug dependent person or is in danger of becoming a drug dependent person, the court shall, prior to the entry of a plea, accept that offender's request for treatment in lieu of conviction. If the offender requests treatment in lieu of conviction, the court shall stay all criminal proceedings pending the outcome of the hearing to determine whether the offender is a person eligible for treatment in lieu of conviction. At the conclusion of the hearing, the court shall enter its findings and accept the offender's plea.
We followed State v. Lampkin, supra, in State v. McGuire (December 27, 1989), Montgomery App. No. 11443, unreported.
At the time of the alleged offense herein, the statute, R.C. 2951.041(A), provided as follows:
 If the court has reason to believe that an offender charged with a felony or misdemeanor is a drug dependent person or is danger of becoming a drug dependent person, the court shall accept, prior to the entry of a plea, that offender's request for treatment in lieu of conviction. If the offender requests treatment in lieu of conviction, the court shall stay all criminal proceedings pending the outcome of the hearing to determine whether the offender is a person eligible for treatment in lieu of conviction. At the conclusion of the hearing, the court shall enter its findings and accept the offender's plea.
We agree with the State that the movement of the verb "accept," so that it now precedes the restrictive phrase "prior to the entry of a plea," does not affect the reasoning or holdings in the Lampkin and McGuire
cases. In McGuire, we held that where a defendant files an untimely motion for treatment in lieu of conviction — that is, the defendant files the motion after first having entered a plea — the trial court is required, at most, to consider the motion, but is not required to hold a hearing on the motion. We see no reason to depart from that holding.
The trial court, in the case before us, did consider Metz's motion. The trial court denied the motion by entry, the text of which is as follows:
 This matter is before this Court to consider Defendant's Motion to Withdraw Not Guilty Plea and Enter a Plea for Treatment in Lieu of Conviction filed herein April 28, 2000. The Court finds that on February 17, 2000 Defendant entered a plea of Not Guilty to the charges at bar, to-wit: Driving Left of Center and Operating a Motor Vehicle While Under the Influence of Alcohol.
The Court OVERRULES Defendant's Motion for the following two grounds. The Defendant has failed to provide the Court with a reason to believe that the Defendant is a drug-dependent person or is in danger of becoming a drug-dependent person; and second, the Court finds the Defendant to be a repeat offender insofar as the Defendant was convicted in 1997 of Operating a Motor Vehicle While Under the Influence of Alcohol, and therefore ineligible for treatment in lieu of conviction.
Additionally, the Court finds after a review of the file that the arresting officer smelled a strong odor of an alcoholic beverage about the Defendant's person at the time of the traffic stop herein; and it is well settled that alcohol is not to be considered a drug for purposes of R.C. 2951.041.
Metz takes exception to the second reason offered by the trial court, contending that she is not a "repeat offender," as that term is defined in R.C. 2935.36, to which R.C. 2951.041(B)(4) refers. We find it unnecessary to determine whether this argument is well taken. We agree with the trial court that Metz failed to present any basis upon which the trial court could conclude that she is either drug dependent, or in danger of becoming drug dependent.
In support of her contention that she is either drug dependent, or in danger of becoming drug dependent, she relies upon the following statement at the end of the arresting police officer's written offense report:
 The defendant was one of the most impaired drivers I've arrested in nearly seven years of working night shifts.
Although the arresting officer's report is contained in the case file, Metz did not direct the trial court's attention to this report in her motion for treatment in lieu of conviction, and supporting memorandum. Furthermore, the fact that an individual is greatly impaired as a result of drugs or alcohol does not indicate that they are drug dependent, or in danger of becoming drug dependent. An alcoholic, for example, may, by virtue of years of alcoholism, acquire a tolerance for alcohol that will permit the alcoholic to consume prodigious quantities of alcohol, without demonstrating much impairment. Conversely, one with little or no prior experience with a drug, or with alcohol, may become greatly impaired with a substantially lower dosage. In short, the extent to which one is impaired by a drug does not necessarily correlate positively with the extent to which one is drug dependent, or in danger of becoming drug dependent. There may even be an inverse correlation between the two variables.
We conclude that the trial court did consider Metz's untimely motion for treatment in lieu of conviction, which is all that it was required to do. We further conclude that the trial court's denial of her untimely motion was not an abuse of discretion, given that Metz supported her motion with nothing more than her conclusory assertion that she met the criteria of the statute.
Metz's sole assignment of error is overruled.
 III
Metz's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
 _______________ FAIN, J.
GRADY, P.J., and YOUNG, J., concur.