CITY OF CINCINNATI, APPELLEE, v. CLARDY, APPELLANT.

[Cite as Cincinnati v. Clardy (1978),
57 Ohio App. 2d 153.]

(No. C-76400—Decided May 17, 1978.)

*Mr. Thomas A. Luebbers, Mr. Paul J. Gorman* and *Mr. Timothy S. Hogan,* for appellee.
*Mr Steven D. Halper,* for appellant.

BETTMAN, J. At 3 p. m. on March 30, 1976, an officer of the Cincinnati Police Division stopped defendant-appellant for jaywalking across Lincoln Park Drive. The officer informed the defendant that his transgression would cost him $10 in the form of a fine, to which defendant responded with an expletive. Defendant was promptly arrested for disorderly conduct and subjected to a patdown. A brief tugging match ensued while the officer attempted to force defendant to lean his body spread-eagle against the officer's patrol vehicle. During this encounter, the officer received one blow on his chest, sustaining what he described as "a minor contusion" which was "slightly black and blue." Defendant was thereafter charged with resisting arrest and assaulting a police officer.

On May 17, 1976, the case was tried to a jury on the charges of resisting arrest and assault on a police officer. The jury returned verdicts of not guilty of resisting arrest and guilty of assault on the officer. After a brief

hearing the trial court imposed the maximum sentence of 180 days confinement and a $1000 fine.

Appellant's first assignment of error alleges that the trial court erred in imposing the sentence in disregard of the statutory criteria set forth in divisions (A), (E) and (F) of R. C. 2929.22. These sections provide:

"Imposing sentence for misdemeanor.

"(A) In determining whether to impose imprisonment or a fine, or both, for misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine, the court *shall consider* the risk that the offender will commit another offense and the need for protecting the public therefrom, the nature and circumstances of the offense, the history, character, and condition of the offender and his need for correctional or rehabilitative treatment, and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on him. [Emphasis added.] * * *

"(E) The court *shall not* impose a fine in addition to imprisonment for misdemeanor, unless a fine is specially adapted to deterrence of the offense or the correction of the offender, or the offense has proximately resulted in physicial harm to the person or property of another, or the offense was committed for hire or for purpose of gain. [Emphasis added.]

"(F) The court *shall not* impose a fine or fines which, in the aggregate and to the extent not suspended by the court, exceeds the amount which the offender is or will be able to pay by the method and within the time allowed without undue hardship to himself or his dependents, or will prevent him from making restitution or reparation to the victim of his offense." (Emphasis added.)

Before examining the specific mandates of R. C. 2929.-22, it is appropriate to consider briefly its historical background. Long ago our legal system recognized the inherent injustice of fixed sentences. The infinite variety of acts classified under the heading of a specific crime, the tremendous variety of circumstances and motivations leading to the commission of the offense and the inevitable differences in history, character and background of offenders

mandated that, within specified limits prescribed by the legislature, the court be given discretion to "fit the punishment to the crime" and to the criminal. Unfortunately, not all judges exercised their discretion on the basis of the facts and circumstances of the case and the character and background of the offender but acted out of bias, prejudice and preconceptions.

Generally, appellate courts, on the theory that the trial judge was in the best position to weigh the factors relevant to a determination of the appropriate sentence, have refused to review sentences, so long as they were within the statutory limits.

Mr. Justice Stewart, while on the United States Court of Appeals for the Sixth Circuit, summarized the situation as follows:

"It is an anomaly that a judicial system which has developed so scrupulous a concern for the protection of a criminal defendant throughout every other stage of the proceedings against him should have so neglected this most important dimension of fundamental justice." *Shepard* v. *United States* (C. A. 6, 1958), 257 F. 2d 293, 294.

This broad, unstructured and largely unreviewable discretion has shaken many people's faith that our system is just and it has evoked much critical comment.[1]

R. C. 2929.22 and R. C. 2929.12, which is incorporated therein by reference, were enacted as part of the new criminal code of Ohio in response to this criticism and in an attempt to bring some reason and structure into criminal sentencing. These sections speak throughout in terms of what the court *shall* or *shall not* do. They set down criteria and guidelines which the court must consider in exercising its discretion. Resultantly a failure to weigh these criteria and guidelines can only be considered an abuse or failure to exercise the required judicial discretion. This Court so held in *State* v. *Scott*, unreported, First Appellate District, No. C-76514, decided July 12, 1976.

---

[1] See, *e. g.*, Frankel, *Lawlessness in Sentencing*, 41 Cin. L. Rev. 1 (1972), and other articles noted in note 10 of *Commonwealth* v. *Riggins* (1977), 474 Pa. 115, 377 A. 2d 140.

In *Woosley* v. *United States* (C. A. 3, 1973), 478 F. 2d 139, 144, the court stated:

"We reject the view that in all cases the trial judge's action is immune from review simply because we do not ordinarily review sentences within statutory limits. Although a trial judge possesses wide discretion in sentencing, he is not free to ignore sentencing guidelines established by the Supreme Court."

The court there discussed at length the decisions of the United States Supreme Court which, synthesized, hold that although appellate courts generally would not review the exercise of a trial court's discretion in sentencing, the exercise of that discretion mandated a judicious consideration of the circumstances of each offense and of the offender.[2] It then held that the district court's failure to consider such factors amounted in effect to a failure to exercise the judicial discretion vested in it.[3]

The same rationale applies here—the failure of the court to weigh the factors mandated by R. C. 2929.22 amounts to a failure to exercise the discretion vested in the court by the legislature.

We turn then to a consideration of the record to ascertain whether the trial court complied with the mandate of R. C. 2929.22. It shows that upon the return of the verdict the following transpired.

"The Court: Is there any reason why I should not pronounce sentence at this time on Mr. Clardy?

"Mr. Halper (defense counsel): Step up here. Your Honor, I would request a presentence investigation in regard to Mr. Clardy. He's working and he's never been in

---

[2]*United States* v. *Tucker* (1972), 404 U. S. 443; *Williams* v. *Oklahoma* (1959), 358 U. S. 576; *Williams* v. *New York* (1949), 337 U. S. 241; *Burns* v. *United States* (1932), 287 U. S. 216.

[3]In *United States* v. *Daniels* (C. A. 6, 1971), 446 F. 2d 967, the circuit court remanded for resentencing for failure of the district court to "evaluate the available information in light of the facts relevant to sentencing." When the lower court failed to modify the sentence, the appellate court remanded the second time with specific instructions as to sentence.

trouble before as an adult. I think an investigation would be in order in this particular matter.

"The Court: I don't think so. I'll hear you in mitigation.

"Mr. Halper: In regard to mitigation, Mr. Clardy is presently gainfully employed with Gold Star Chili. He works there full time. He goes to school at night at McMillan School, here in the city. He lives with his parents and he's lived here—he's a lifetime—

"The Court: Anything further?

"Mr. Halper: Nothing further.

"The Court: Mr. Clardy, is there anything you wish to say?

"The Defendant: No, sir.

"Mr. Halper: He's never been in any trouble as an adult.

"The Court: Mr. Hogan?

"Mr. Hogan (prosecuting attorney): I have nothing to say.

"The Court: It went to a jury, they didn't believe you and so at this point the Court will impose a sentence of 180 days in the Workhouse and a fine of $1000.00 and Court costs."

As the facts hereinbefore set out show, we have here, within the range of assaults on law enforcement officers covered by the ordinance, a relatively minor breach of the law, committed by a young man in the heat of the moment. The only information before the court was that he was a life-long resident of Cincinnati, had no adult record, was employed at menial labor and was attending night school. The court imposed the maximum sentence permitted by law. Patently it failed to consider and follow the mandates of R. C. 2929.22.

The transcript indicates that when defense counsel inquired, after sentence, the basis for so severe a sentence, the court replied:

"The Court has followed the guidelines and considered carefully the guidelines set forth in 2929.22 in imposing sentence, Mr. Halper."

We cannot credit this bald recital by the court when it is directly contradicted by the record before us. To do so would render the statute a meaningless enactment.

We are mindful of the syllabus in *Toledo* v. *Reasonover* (1965), 5 Ohio St. 2d 22, enunciating the traditional principle that generally a trial judge's sentence is not reviewable where it is within statutory limits. We find that decision inapposite since it preceded the enactment of the new criminal code. Furthermore, its holding has not been consistently applied. See *State* v. *Hashmall* (1954), 160 Ohio St. 565; *Montalto* v. *State* (1935), 51 Ohio App. 6; *State* v. *Perry* (1972), 29 Ohio App. 2d 33. In each of those cases the appellate court either remanded for resentencing or itself modified sentence.

We conclude that appellant's first assignment of error is meritorious and accordingly vacate appellant's sentence and remand the case for resentencing in accordance with law.

Appellant assigns as the second error that the trial court, in determining sentence, considered to his prejudice his exercise of his right to a trial by jury. Our conclusion that the court's failure to consider the criteria for sentencing in R. C. 2929.22 requires appellant's resentencing obviates detailed consideration of this assignment. Certainly, it is improper for a court to impose a heavier penalty on a defendant solely because he avails himself of his constitutional right to a trial by jury. *United States* v. *Derrick* (C. A. 6, 1975), 519 F. 2d 1. The record here before us is ambiguous as to whether this in fact occurred, and the assignment of error is accordingly overruled.

This cause is remanded to the Hamilton County Municipal Court for resentencing in accordance with law.

*Judgment accordingly.*

SHANNON, P. J., and BLACK, J., concur.