THE STATE OF OHIO, APPELLEE, *v.* KOONS, APPELLANT.

(No. 17-83-6—Decided February 14, 1984.)

*Mr. James F. Stevenson*, for appellee.

*Swinehart & Princi Co., L.P.A.*, and *Mr. Howard E. Swinehart*, for appellant.

COLE, J. This is an appeal from a judgment of conviction and sentence of the defendant, Aaron Koons, by the Court of Common Pleas of Shelby County for an offense of receiving stolen property in violation of R.C. 2913.51. The defendant was simultaneously sentenced in case No. 83-CR-1173 for trafficking in drugs, a felony of the third degree.

It appears from the record that there was no trial of either charge, the defendant having entered a guilty plea to each offense. The trial court had before it the presentence investigation, the contents of which are not in the record before this court and the fact that the defendant was guilty of two offenses, both felonies. Neither the defendant nor his counsel presented any facts prior to sentence for consideration by the court.

In its journal entry of sentence the trial court stated explicitly:

"* * * the court having studied Defendant's presentence report and having considered the comments and statement of defendant and his comments, and the comments of the Assistant Prosecuting Attorney; * * *"

The court then proceeded to sentence the defendant to the reformatory at Mansfield for one to five years and further that he be fined the sum of $1000.

The thrust of this appeal is directed solely to the imposition of the fine as a part of the sentence.

The defendant having appealed now asserts as his sole assignment of error that:

"The trial court exceeded its authority in imposing both imprisonment and a fine without first determining that any of the provisions of Ohio Revised Code Section 2929.12(E) or (F) were applicable."

The argument as made by defendant-appellant in support of this asserted error was, in a case involving the same code section, asserted and fully considered by this court in *State* v. *Crissinger* (May 11, 1982), Marion App. No. 9-81-37, unreported. Rather than reconsider or reword our conclusions in that case we quote somewhat at length.

"It is asserted that the trial court failed to properly consider the factors set forth in Ohio Revised Code Section 2929.12 prior to sentencing.

"This section is quite long and provides in essence that the court, in determining the minimum term of imprisonment for a felony, shall consider certain factors, *i.e.*, the risk that the offender will commit another crime and the need for protecting the public; the nature and circumstances of the offense; any victim impact statement, the history, characters and conditions of the of-

fender and his need for correction or rehabilitation treatment. Certain other items are listed which 'do not control the court's discretion' but are to be considered for or against a longer or shorter term. It is further stated these latter items do not limit the matters which may be considered by the sentencing court in determining the minimum term. It is appellant's contention that the trial court did not consider any of these items.

"First we would note there is no requirement that the trial court state affirmatively that it has considered these items or make any finding of fact relating thereto. We are cited to one case. In *Cincinnati* v. *Clardy* (1978), 57 Ohio App. 2d 153 [11 O.O.3d 137] the trial court made an affirmative statement 'The Court has followed the guidelines and considered carefully the guidelines set forth in Section 2929.22 in imposing sentence.' This case involved a misdemeanor and that section makes a related requirement in this area. The defendant here had been found guilty of resisting a police officer in a relatively minor scuffle growing out of an arrest for jaywalking. There was a brief statement by counsel that the defendant had been in no previous trouble before as an adult and was employed, going to night school and living with his parents. The trial court imposed the maximum term of 180 days in the workhouse.

"The appellate court said 'we cannot credit this bald recital by the court when it is directly contradicted by the record before us' and remanded for resentencing.

"The thrust of this case is that the record itself, by its limited information bearing on the statutory factors demonstrates that the trial court could not, on the face of the record, have given due weight to the mandated factors."

In the present case then there was no obligation imposed on the trial court to affirmatively state any findings pertinent to the standards of R.C. 2929.12. *Clardy, supra,* stands for the proposition that where the record itself reveals affirmatively a lack of such consideration it may be concluded the trial court did not consider the statutory standards.

Here, however, such is not the case. The offense itself as described in the indictment was that of receiving stolen property which may *per se* be concluded was for purposes of gain.

Moreover, there is before us no copy of the presentence investigation which is required by Crim. R. 32.2. Section (B) sets forth the required content of the report:

"Report. The report of the presentence investigation shall state the defendant's prior criminal record, the circumstances of the offense, and such information about defendant's social history, employment record, financial ability and means, personal characteristics, family situation, and present physical and mental condition, as may be helpful in imposing or modifying sentence or providing rehabilitative or correctional treatment, and shall state such other information as may be required by the court. Whenever the court, probation officer, or investigator considers it advisable, the investigation may include a physical and mental examination of the defendant."

It is clear from the trial court's entry of sentence that this report was considered by it. It therefore is not affirmatively established that the trial court did not consider and properly apply the criteria set forth in R.C. 2929.12. It cannot therefore be concluded that as a matter of law the trial court abused its discretion in the imposition of sentence.

We realize that the presentence investigation is essentially confidential and its revelation to counsel discretionary. However, here there is no request by appellant for inclusion of the report in the record and no attempt at

the hearing on sentence to show the non-existence of the criteria required. Since the presentence report is mandated by rule in felony cases, it must be necessarily concluded that its content is before the trial court and utilized by it in imposing sentence.

*Judgment affirmed.*

MILLER, P.J., and GUERNSEY, J., concur.