THE STATE OF OHIO, APPELLEE, *v.* YONTZ, APPELLANT.

(No. CA86-04-027 — Decided December 29, 1986.)

*George E. Pattison,* prosecuting attorney, and *Lawrence R. Fisse,* for appellee.

*R. Michael McEvilly,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Clermont County.

Defendant-appellant, Carol Yontz, was indicted by the Clermont County Grand Jury on eight counts of complicity to aggravated burglary, one count of complicity to burglary and one count of complicity to breaking and entering. Pursuant to a plea bargain, five counts were dismissed and appellant entered guilty pleas to five counts of complicity to aggravated burglary. The trial court accepted appellant's guilty pleas and on request of appellant's counsel continued the matter for sentencing. Subsequently, appellant was sentenced to confinement in the Ohio Reformatory for Women at Marysville for not less than five nor more than twenty-five years on each count. Three of the

sentences were to be served consecutively and the other two were to be served concurrently with the consecutive sentences. In addition, appellant was ordered to pay fines in the total sum of $18,500.

The case is now before us pursuant to our granting of appellant's motion for leave to appeal. Appellant names as her sole assignment of error that "[t]he trial court erred to the prejudice of defendant in passing the maximum prison sentence allowed by law without considering the factors set forth in § 2929.12 R.C."

R.C. 2929.12 states in part:

"(A) In determining the minimum term of imprisonment to be imposed for a felony for which an indefinite term of imprisonment is imposed, the court shall consider the risk that the offender will commit another crime and the need for protecting the public from the risk; the nature and circumstances of the offense; the victim impact statement * * * if a victim impact statement is required * * *; and the history, character, and condition of the offender and his need for correctional or rehabilitative treatment.

"(B) The following do not control the court's discretion, but shall be considered in favor of imposing a longer term of imprisonment for a felony for which an indefinite term of imprisonment is imposed:

"(1) The offender is a repeat or dangerous offender;

"(2) Regardless of whether the offender knew the age of the victim, the victim of the offense was sixty-five years of age or older or permanently and totally disabled at the time of the commission of the offense;

"(3) The victim of the offense has suffered severe social, psychological, physical, or economic injury as a result of the offense.

"(C) The following do not control the court's discretion, but shall be considered in favor of imposing a shorter minimum term of imprisonment for a felony for which an indefinite term of imprisonment is imposed:

"(1) The offense neither caused nor threatened serious physical harm to persons or property, or the offender did not contemplate that it would do so;

"(2) The offense was the result of circumstances unlikely to recur;

"(3) The victim of the offense induced or facilitated it;

"(4) There are substantial grounds tending to excuse or justify the offense, though failing to establish a defense;

"(5) The offender acted under strong provocation;

"(6) The offender has no history of prior delinquency or criminal activity, or has led a law-abiding life for a substantial time before commission of the present offense;

"(7) The offender is likely to respond quickly to correctional or rehabilitative treatment.

"(D) The criteria listed in divisions (B) and (C) of this section do not limit the matters that may be considered in determining the minimum term of imprisonment to be imposed for a felony for which an indefinite term of imprisonment is imposed."

Appellant, noting that she was given the most severe minimum sentence possible, argues that where there is no indication on the record that the court has considered the factors set forth in R.C. 2929.12, the court abuses its discretion.

A trial court has broad discretion in sentencing a defendant and a reviewing court will not interfere with the sentence unless the trial court abused its discretion. However, in exercising its discretion, the trial court must consider the factors set forth in R.C. 2929.12. *State* v. *Cable* (1985), 24 Ohio App. 3d 88, 90, 24 OBR 158, 159-160, 493 N.E. 2d 285, 286-287; *Columbus* v. *Bee* (1979), 67 Ohio App.

2d 65, 77, 21 O.O. 3d 371, 379, 425 N.E. 2d 409, 418.

The transcript of the sentencing hearing shows that the trial court heard the testimony of two witnesses who both stated that appellant had never been in trouble prior to the incidents at issue, and that appellant had a good reputation in the community. Further, the court heard representations by appellant's counsel that appellant was eighteen years old, had no prior criminal record, lived with her parents, had a good employment record, and had been influenced by her boyfriend to embark on the series of burglaries in order to finance an abortion without her parent's knowledge.

However, there is no indication in the record that the trial court considered the testimony presented in mitigation. First, although there is mention of a presentence report in the transcript, there is no indication in the record that it was ordered by the court or the court reviewed its contents. Appellee relies upon *State* v. *Koons* (1984), 14 Ohio App. 3d 289, 14 OBR 345, 470 N.E. 2d 922, for the proposition that because a presentence investigation is mandated in felony cases, it must be concluded that the report is before the trial court, and considered by it in imposing sentence. However, we find the facts in that case distinguishable from those in the case *sub judice*. In *Koons,* unlike here, the trial court stated explicitly that it had studied the presentence report and considered the comments of the defendant. *Koons, supra,* at 290, 14 OBR at 347, 470 N.E. 2d at 924. Here, the record reveals affirmatively that the court failed to consider the statutory standards. See *Cincinnati* v. *Clardy* (1978), 57 Ohio App. 2d 153, 11 O.O. 3d 137, 385 N.E. 2d 1342.

Second, there is no assertion by the trial court that it considered any of the required factors. In fact, it appears from the record that the trial court was predisposed to impose a sentence in burglary cases without consideration of any mitigating factors. At the plea hearing, the court stated: "[t]his is breaking into an occupied home and I'm sure counsel is well aware of the feelings of this court." At the sentencing hearing, after hearing the mitigating testimony, the court stated:

"The Court wants to point out that as Mr. Chapman stated, the amount of money taken from those homes, from these residences, is substantial. The grounds which you have given to the Court as to an abortion, the Court doesn't accept that. There is no reason why a person has to go into a home. This court has made this statement numerous times, that it will not condone, in any way, the victim's suffering a trauma of a person entering a home, occupied home, to take anything. Complicity, to this Court, is the same as taking part in that act, itself, and this case is no exception."

We recognize that a court's statement that it was not swayed by appellant's justification for the offense may in some cases be an indication that the court did consider that factor, but in its proper exercise of discretion specifically rejected that factor. Here, however, the court indicated that "[t]here is no reason why a person has to go into a home," thus implying that no excuse or justification would be considered in mitigation.

Because the record is devoid of any indication that the court considered the mitigating factors contained in R.C. 2929.12, the sentence is vacated and the case is remanded for sentencing. Accordingly, appellant's sole assignment of error is sustained.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be,

and the same hereby is, reversed and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed and cause remanded.*

KOEHLER, P.J., JONES and HENDRICKSON, JJ., concur.