THE STATE OF OHIO, APPELLEE, *v.* BIVENS, APPELLANT.

(No. 664—Decided June 13, 1988.)

*Rocky A. Coss,* prosecuting attorney, for appellee.

*Raymond F. Grove,* for appellant.

STEPHENSON, J. This is an appeal from a judgment of conviction and sentence entered by the Highland County Court of Common Pleas following the entry of a guilty plea by Shawn Bivens, appellant herein, to a charge of possession of burglary tools, which offense is proscribed by R.C. 2923.24(A) and is a fourth degree felony. The following errors are assigned:

Assignment of Error No. I

"The trial court committed prejudicial error in failing to follow the sentencing guidelines under the Revised Code."

Assignment of Error No. II

"The trial court abused it's [*sic*] discretion by leading defendant to believe that he would be considered favorably for probation if he had no prioe [*sic*] felony record and then not giving defendant probation or even a minimum sentence."

On October 31, 1986, the Highland County Grand Jury returned an indictment charging appellant with the offenses of possession of burglary tools in violation of R.C. 2923.24(A), a fourth degree felony, and tampering with evidence in violation of R.C. 2921.12(A)(1). At arraignment appellant entered pleas of not guilty to

each charge and trial was set for December 18, 1986.

Before trial commenced on December 18, 1986, a plea bargain was entered into whereby the appellant would withdraw his plea of not guilty to the offense of possession of burglary tools, and the tampering with evidence charge would be dismissed with prejudice. Additionally, the prosecution would recommend that a probation report be prepared and that appellant be placed on probation. Pursuant to the agreement, the court accepted the guilty plea with respect to the possession of burglary tools and dismissed the tampering with evidence count and referred appellant for a presentence probation report.

On February 23, 1987, appellant appeared at a sentencing hearing. The court advised him it had received the probation report. Appellant's counsel then stated that appellant had no prior felony record and that, although appellant had had problems in the past with fighting and drinking, he had now stopped drinking. The appellant was offered the opportunity to but did not make a statement. The court without stating any reasons or that the court had considered the criteria of R.C. 2929.13 respecting definite sentences for third and fourth degree felonies imposed a sentence of one year in the Ohio State Reformatory.

We note at the outset that since the indictment charged appellant with a fourth degree felony and did not contain a specification as required by R.C. 2929.11(G) and 2941.143, an indefinite sentence was precluded and pursuant to R.C. 2929.11(D)(2) a sentence of six months, one year or eighteen months could be imposed.

Appellant argues the court abused its discretion in imposing a one-year sentence without consideration of the sentencing criteria in R.C. 2929.12(B). However, that section applies only when determining the minimum sentence when an indefinite sentence is imposed. Instead, R.C. 2929.13 applies and reads as follows:

"(A) The following do not control the court's sentencing decision, but shall be considered in favor of imposing a shorter term of imprisonment when determining the term of imprisonment for a felony of the third or fourth degree for which a definite term of imprisonment is imposed:

"(1) The offense was the result of circumstances unlikely to recur;

"(2) The victim of the offense induced or facilitated it;

"(3) There are substantial grounds tending to excuse or justify the offense, though not sufficient to establish a defense;

"(4) The offender acted under strong provocation;

"(5) The offender has no history of prior delinquency or criminal activity, or has led a law-abiding life for a substantial time before commission of the present offense;

"(6) The offender is likely to respond quickly to correctional or rehabilitative treatment.

"(B) The following do not control the court's sentencing decision, but shall be considered in favor of imposing a longer term of imprisonment when determining the term of imprisonment for a felony of the third or fourth degree for which a definite term of imprisonment is imposed:

"(1) The defendant, by the duties of his office or by his position, was obligated to prevent the particular offense committed or to bring the offenders committing it to justice;

"(2) The defendant held public office at the time of the offense, and the offense related to the conduct of that office;

"(3) The defendant utilized his professional reputation or position in the community to commit the offense,

or to afford him an easier means of committing it, in circumstances where his example probably would influence the conduct of others.

"(C) The criteria listed in divisions (A) and (B) of this section do not limit the matters that may be considered in determining the term of imprisonment to be imposed for a felony of the third or fourth degree for which a definite term of imprisonment is imposed."

While a trial court has a broad discretion in imposing sentence, it has been held that statutory sentencing criteria must be considered by the sentencing court. *State* v. *Yontz* (1986), 33 Ohio App. 3d 342, 515 N.E. 2d 1012; *State* v. *Cable* (1985), 24 Ohio App. 3d 88, 24 OBR 158, 493 N.E. 2d 285. There is no requirement, however, that the court state in the record that it considered such criteria. *State* v. *Koons* (1984), 14 Ohio App. 3d 289, 14 OBR 345, 470 N.E. 2d 922. However, if it can be demonstrated that the court did not consider the criteria, a reversal is required. *Cincinnati* v. *Clardy* (1978), 57 Ohio App. 2d 153, 11 O.O. 3d 137, 385 N.E. 2d 1342.

A presentence report was furnished to the court pursuant to Crim. R. 32.2(B), which rule reads as follows:

"The report of the presentence investigation shall state the defendant's prior criminal record, the circumstances of the offense, and such information about defendant's social history, employment record, financial ability and means, personal characteristics, family situation, and present physical and mental condition, as may be helpful in imposing or modifying sentence or providing rehabilitative or correctional treatment, and shall state such other information as may be required by the court. Whenever the court, probation officer, or investigator considers it advisable, the investigation may include a physical and mental examination of the defendant."

The presentence report was not included in the record on appeal nor was a request made for its inclusion. In *State* v. *Koons, supra,* at 290, 14 OBR at 347, 470 N.E. 2d at 924, the court stated the following when the presentence report was not in the record:

"It is clear from the trial court's entry of sentence that this report was considered by it. It therefore is not affirmatively established that the trial court did not consider and properly apply the criteria set forth in R.C. 2929.12. It cannot therefore be concluded that as a matter of law the trial court abused its discretion in the imposition of sentence."

Since under R.C. 2929.13(C) the criteria are not exclusive and we do not know upon what facts the court relied, we hold that the first assignment of error is without merit and must be overruled.

Under the second assignment of error it is contended the court abused its discretion by leading appellant to believe he would be placed on probation. However, while the sentencing transcript can be read to indicate probation might be granted in light of the prosecutor's recommendation, no promise was made to appellant by the court. Both appellant and his counsel were aware, or should have been aware, that the presentence report would be considered in imposing sentence. Therefore, the second assignment of error is overruled and the judgment is affirmed.

*Judgment affirmed.*

ABELE, J., concurs.

GREY, P.J., dissents.

GREY, P.J., dissenting. I respectfully dissent.

When the legislature enacted the comprehensive Criminal Code and specifically enacted R.C. 2929.12 and 2929.13 for sentencing in felonies and R.C. 2929.22 for sentencing in misdemeanors, it was a clear declaration of intent that sentencing be uniform. Uniformity in sentencing does not mean that sentences must be identical, because the circumstances of each crime and each defendant may differ. Uniformity in sentencing means that the same *standards* are used, regardless of the circumstances. I would sustain assignment of error one because, as noted in the majority opinion, "* * * we do not know upon what facts the court relied * * *."

The trial court, without comment, sentenced appellant to a one-year definite term. Since the prosecution had recommended probation, and since appellant met most of the criteria of R.C. 2929.12(B), shortly after the sentence counsel for appellant approached the court about an appeal bond, but then said:

"* * * [H]owever, Mr. Bivens is, I guess, in sort of a state of shock that he got a year instead of at least the minimum sentence of six months to five years on a felony four, since this is his first felony.

"Under the Rules, unless there's something here that I don't know about, he probably should have been a candidate for probation on this charge.

"THE COURT: We're not arguing that, we're arguing the bond. Let's go with that. What other reasons are there for a bond?" Cf. *State* v. *Davis* (1983), 13 Ohio App. 3d 265, 13 OBR 329, 469 N.E. 2d 83.

My perception of the line of cases relied on by the majority is as follows: *Clardy, supra,* stands for the proposition that an averment by the court that it followed the sentencing criteria may be contradicted by the record. *Yontz, supra,* at 344, 515 N.E. 2d at 1015,

holds that reversal is warranted "[b]ecause the record is devoid of any indication that the court considered the mitigating factors contained in R.C. 2929.12 * * *." Similarly in *Cable, supra,* the court held at 91, 24 OBR at 160, 493 N.E. 2d at 287: "In the instant case, the record is devoid of any indication that the statutory criteria were considered."

The record in this case is devoid of any consideration of the statutory criteria, and like *Clardy, supra,* contains only the court's assertion that the matter was referred for a presentence report, and that "[t]he Court did that, and the written report is in the Court's hands, and we are now ready to consider sentencing."

After listening to the statements of counsel, and asking the defendant his age, the court imposed sentence. As a reviewing court, we can only guess whether the criteria were considered. *Koons, supra,* at 290, 14 OBR at 347, 470 N.E. 2d at 923, follows *Clardy:*

"*Clardy, supra,* stands for the proposition that where the record itself reveals affirmatively a lack of such consideration it may be concluded that the trial court did not consider the statutory standards."

My position on this issue is set forth in *Maple Hts.* v. *Dickard* (1986), 31 Ohio App. 3d 68, 70, 31 OBR 108, 110, 508 N.E. 2d 994, 997:

"It has been recognized that 'not all judges exercise their discretion on the basis of the facts and circumstances of the case and the character and background of the offender but [some] act out of bias, prejudice and preconceptions.' *Miamisburg* v. *Smith* (1982), 5 Ohio App. 3d 109, 110, 5 OBR 225, 226, 449 N.E. 2d 500, 501. Consideration and application of the R.C. 2929.22 guidelines can avert much of the potential unfairness in the sentencing process. Consequently, the statute

has been construed to impose a mandatory duty on the trial court, and the failure of that court to weigh the statutory factors amounts to an abuse of discretion. *Cincinnati* v. *Clardy* (1978), 57 Ohio App. 2d 153, 11 O.O. 3d 137, 385 N.E. 2d 1342. See, also, *Cleveland* v. *Technisort, Inc.* (1985), 20 Ohio App. 3d 139, 20 OBR 172, 485 N.E. 2d 294; *State* v. *Wardlow* (1985), 20 Ohio App. 3d 1, 20 OBR 1, 484 N.E. 2d 276.''

Thus, I dissent because the record in this case is devoid of *any* indication the mandatory requirements of R.C. 2929.12(B) were followed.