OPINION
Defendant-appellant, Troy A. Bolin, appeals a judgment entry by the Clermont County Court of Common Pleas sentencing appellant to a prison term of fifteen months. We affirm.
Appellant and his girlfriend, Joey Hughes, were accused of retaining goods that had been stolen from Roadway Package Systems "RPS." Appellant was employed as a route driver with RPS. Appellant stated that he "stole property from the RPS truck to sell for money." The approximate worth of the stolen property was $88,867. On April 10, 1997, appellant pled guilty to receiving stolen property, a fourth degree felony and a violation of R.C. 2913.51.
In sentencing appellant, the trial court found that appellant's conduct:
 [I]s more serious because [appellant] held a public office or position of trust and the offense was related to that office or trust and the defendant's professional reputation, occupation or office facilitated the offense.
The court also found that "recidivism is likely in that the defendant has a record of prior adjudications of delinquency or criminal convictions." The court sentenced appellant to serve a prison term of fifteen months. Appellant appeals this sentence and presents one assignment of error:
 THE COURT FAILED TO SENTENCE APPELLANT IN ACCORDANCE WITH THE PRINCIPLES OF SENTENCING UNDER SENATE BILL 2. THEREFORE, APPELLANT'S SENTENCE WAS IMPOSED "CONTRARY TO LAW."
Appellant argues that his sentence was contrary to law because the court departed from the sentencing guidelines and did not state sufficient or appropriate reasons for its departure. Specifically, appellant argues that the trial court erred in finding that (1) he held a position of trust and his professional reputation or position facilitated the offense pursuant to R.C.2929.13(B)(1)(d), and (2) that because of a past offense, recidivism is likely. Appellant also argues that his sentence was against public policy.
Because appellant was convicted of a felony offense committed after July 1, 1996, the sentencing provisions of Am.Sub.S.B. No. 2 ("Senate Bill 2") apply. State v. Smith (Oct. 13, 1997), Butler App. No. CA97-03-068, unreported, at 3. "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C.2929.11(A).
Before a court may impose a prison term for a fourth degree felony, the court must first determine whether any of the eight factors enumerated in R.C. 2929.13(B)(1) are present. State v. Stewart (Nov. 17, 1997), Madison App. No. CA96-12-057, unreported, at 2. R.C. 2929.13(B)(1) states in part:
 Except as provided in division (B)(2), (E), (F) or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
* * *
 (d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
In the present case, the trial court sentenced appellant to a prison term of fifteen months after finding that appellant "held a public office or position of trust and the offense was related to that office or trust and the defendant's professional reputation, occupation or office facilitated the offense." Since there is no evidence that appellant held a public office, the question we examine is whether appellant held a position of trust pursuant to R.C. 2929.13(B)(1)(d).
When determining the meaning of a statute, words and phrases shall be read in context and construed according to the rules of grammar and common usage unless the words or phrases have acquired a technical or particular meaning. R.C. 1.42. A review of the Revised Code does not reveal "a technical or particular meaning" for the phrase "position of trust." R.C. 1.49 states:
 If a statute is ambiguous, the court, in determining the intention of the legislature, may consider among other matters:
(A) The object sought to be attained;
 (B) The circumstances under which the statute was enacted;
(C) The legislative history;
 (D) The common law or former statutory provisions, including laws upon the same or similar subjects;
(E) The consequences of a particular construction;
(F) the administrative construction of the statute.
After considering the above factors, we construe the phrase "position of trust" as found in R.C. 2929.13(B)(1)(d), to include both public and private individuals. In other words, we find that the statute refers to individuals holding a "public office" or a "position of trust," and that the word "public" does not modify the term "position of trust." If the legislature had intended the statute to apply only to public positions of trust, it could have included such language in the statute. There are many "non-public" positions of trust worthy of consideration when determining whether to impose a prison term.
Appellant's position was a position in which he was entrusted with other persons' goods. Appellant's job was to deliver those goods. It is also clear that appellant's position as an RPS delivery driver helped to facilitate the offense for which he was convicted. We also recognize that a trial court has broad discretion in sentencing a defendant and a reviewing court will not interfere with the sentence unless the trial court abused its discretion. State v. Yontz (1986), 33 Ohio App.3d 342, 343. Therefore, we find that the trial court did not abuse its discretion in finding that appellant was in a position of trust and that the offense was related to that trust.
Appellant next argues that the trial court erred in finding that recidivism was likely. A court must consider the recidivism factors of R.C. 2929.12 in determining whether a prison term is consistent with the purposes and principles of R.C. 2929.11. Stewart, Madison App. No. CA96-12-057, unreported, at 3.
One of the factors that a trial court considers in determining whether an offender is likely to commit future crimes is that "the offender has not responded favorably to sanctions previously imposed for criminal convictions." R.C. 2929.12(D)(3). A review of the record shows that appellant sold merchandise "under the table" while working at Auto Source and was found guilty of theft, a first degree misdemeanor, on September 2, 1992. Appellant was fined $200 and given six months of probation.
In the present case, recidivism is shown because appellant has already demonstrated a pattern of theft, and a prison term would be appropriate because appellant did not "respond favorably to sanctions previously imposed for criminal convictions." R.C.2929.12(D)(3). Appellant's previous offense is similar to the present offense in that appellant used his employment position to facilitate the theft. Appellant was given a sentence of probation instead of a prison term for his previous conviction, and it is apparent that community sanctions did not deter appellant from stealing from an employer a second time. Therefore, a prison term for appellant was consistent with the principles of R.C. 2929.11
"to protect the public from future crime by the offender and others and to punish the offender."
Appellant also argues that he should not be sentenced to prison because of "public policy" reasons. After reviewing appellant's arguments, we find that they have no merit in our consideration of this case.
Accordingly, we find that the trial court sentenced appellant appropriately according to the principles of sentencing under Senate Bill 2. Appellant's single assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.