OPINION
This appeal is taken by defendant-appellant Jeremy D. Rivers ("Rivers") from the judgment of the Court of Common Pleas of Marion County sentencing Rivers to four years incarceration for felonious assault.
On August 13, 1997, Rivers and Francis Edward Toombs ("Toombs") had an argument at a local bar with David Mandra ("Mandra"). Later that evening, Rivers and Toombs went to Mandra's apartment and coaxed Mandra into coming down to talk to them. Then Toombs pushed Mandra to the ground and Rivers repeatedly kicked Mandra in the face and stomach while he lay on the ground. Mandra suffered severe face disfigurement and lost his spleen as a result of the attack.
On August 26, 1997, Rivers was charged by bill of information on one count of felonious assault. Rivers entered a plea of guilty and requested a presentence investigation. On September 9, 1997, Toombs entered a plea of guilty and waived a presentence investigation. Toombs was sentenced to two years incarceration. On September 30, 1997, Rivers was sentenced to four years incarceration after the trial court found that the minimum sentence would demean the seriousness of the offense. It is from this judgment that Rivers appeals.
Rivers raises the following assignments of error.
 The court erred in sentencing Rivers to a term of imprisonment other than the minimum term authorized for the offense committed, in that there were not sufficient findings made to overcome the presumption of a minimum sentence as provided for in R.C. 2929.14(B).
 The court erred in sentencing Rivers to a term of imprisonment greater than that of Toombs, inconsistent with R.C. 2929.11(B).
A trial court has broad discretion when imposing a sentence.State v. Bivens (1988), 49 Ohio App.3d 75, 550 N.E.2d 497. In determining the appropriate sentence, though, R.C. 2929.12 sets forth specific criteria for deciding the length of sentences for felonies. State v. Ramirez (1994), 98 Ohio App.3d 388,648 N.E.2d 845. When reviewing a sentence, a presumption is raised that the trial court considered the necessary criteria unless the record shows otherwise. Id. "Thus, an appellate court will uphold the trial court's sentencing absent an abuse of discretion." Id. at 395. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. Franklin Cty.Sheriff's Dept. v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 498,589 N.E.2d 24. Generally, an appellate court will not reverse a trial court's exercise of discretion if the sentence imposed is within the statutory limit and the trial court considered the statutory criteria. State v. Tutt (1988),44 Ohio App.3d 138, 541 N.E.2d 1090.
Rivers first assignment of error argues that his sentence violates the mandates of R.C. 2929.14(B). R.C. 2929.14 states in pertinent part:
 (A) Except as provided in division (C), (D)(2), (D)(3), (D)(4), or (G) of this section and except in relation to an offense for which a sentence of death or life imprisonment is to be imposed, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter and is not prohibited by [R.C. 2929.13(G)] from imposing a prison term on the offender, the court shall impose a definite prison term that shall be one of the following:
* * *
 (2) For a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years.
* * *
 (B) Except as provided in division (C), (D)(2), (D)(3), or (G) of this section or in [R.C. 2925], if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
In this case, the trial court considered all the factors set forth in R.C. 2929.12 as well as the information available in the record, the oral statements, victim impact statements, and the presentence report. The trial court then found that imposing the minimum sentence would demean the seriousness of the crime. The basis for this finding was that the trial court found this offense to be more serious than that of the other defendant because the assault by Rivers was so severe as to result in the victim losing a body organ. Since the trial court has considered all the required factors, has made the required findings on the record, and has imposed a sentence within the statutory limits, no abuse of discretion occurred. Rivers' first assignment of error is overruled.
Rivers' second assignment of error claims that he should have received the same sentence as Toombs because they committed the same crime. However, the trial court stated that it considered the sentence given to Toombs when it reached its judgment. There is no requirement that two co-defendants receive the same sentence, only that similar offense should receive similar punishments. Here, the trial court considered the evidence before it and determined that Rivers' actions were very serious and that the punishment should reflect the seriousness of the offense. The trial court then imposed a sentence of four years as set forth in the plea bargain. However, the trial court also stated that if Rivers behaved appropriately, Rivers would be eligible for Judicial Release after one and a half years with no opposition from the State pursuant to the plea bargain. Rivers' second assignment of error is overruled.
The judgment of the Court of Common Pleas of Marion County is affirmed.
Judgment affirmed.
SHAW, P.J., and EVANS, J., concur.