OPINION
Plaintiff-appellant the State of Ohio, appeals the January 25, 1999 Judgment Entry of the Delaware County Court of Common Pleas which sentenced appellee to five years of community control. Defendant-appellee is Gary L. Walker.
 STATEMENT OF THE CASE AND FACTS
On July 10, 1998, appellee was indicted with two counts of felonious assault, one count of complicity to felonious assault, and one count of complicity to attempted murder. At his arraignment, appellee pled not guilty to the charges. On appellee's motion, the trial court referred appellee to the Net Care Forensic Psychiatry Center for a determination of competency. On November 6, 1998, the trial court determined appellee was competent to stand trial. On the date of trial, December 15, 1998, appellee withdrew his former pleas of not guilty and entered a guilty plea to counts one and three of the indictment (one count of felonious assault and one count of complicity to felonious assault). The trial court dismissed the firearms specification from count three. After conversation with appellee, the court would only accept the guilty plea as to count one of the indictment. Accordingly, the trial court convicted appellee of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree. The trial court dismissed the remaining counts of the indictment, ordered a pre-sentence investigation, and scheduled a sentencing hearing for January 25, 1999. On January 25, 1999, after hearing arguments of appellee's counsel, and a statement from appellee's wife, the trial court sentenced appellee to five years of community control. On the same day, the trial court filed its judgment entry memorializing this decision. It is from that judgment entry appellant prosecutes this appeal assigning the following assignment of error:
THE TRIAL COURT DID NOT MAKE THE STATUTORILY MANDATED FINDINGS PRIOR TO SENTENCING DEFENDANT-APPELLEE TO FIVE YEARS OF COMMUNITY CONTROL ON A CONVICTION FOR A FELONY OF THE SECOND DEGREE.
 I
In its sole assignment of error, appellant argues the trial court erred in sentencing appellee to community control on a conviction for a second degree felony. Specifically, appellant argues the trial court did not make the necessary findings required by R.C. 2929.13 to overcome the presumption in favor of the imposition of a prison term. We disagree. A court has broad discretion in imposing sentences but must consider statutory sentencing criteria, and where it is demonstrated that it did not, reversal is required; it is not necessary, however, for the court to state in the record it considered the criteria. State v. Bivens (1988), 49 Ohio App.3d 75. Where the record shows that a trial judge reviewed a pre-sentence report before imposing sentence, it is presumed the court considered the statutory sentencing criteria set forth in R.C. 2929.13. State v. Turner (1987),37 Ohio App.3d 38. R.C. 2929.13(D) requires a court to impose a prison term upon a conviction for a felony of the first or second degree unless it first makes two findings. The statute states, in pertinent part: (D) * * * [F]or a felony of the first or second degree * * * it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code. Notwithstanding the presumption established under this division, the sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender for a felony of the first or second degree * * * if it makes both of the following findings:
(1) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.
(2) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.
Appellant specifically argues the trial court failed to find a community control sanction would adequately punish appellee and protect the public from future crime as required in R.C. 2929.13(D)(1). Appellant further maintains the court did not find appellee's conduct was less serious or that a community control sanction would not demean the seriousness of the offense as required by R.C. 2929.13(D)(2). In its January 25, 1999 Judgment Entry, the court stated: * * * The Court has considered the record, oral statements, any victim impact statement and pre-sentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C.2929.12.
The Court finds that the defendant has been convicted of Felonious Assault, as set forth in Count One of the Indictment, a violation of R.C.2903.11, a felony of the Second degree.
The Court finds pursuant to R.C. 2929.13(D) that:
a non-prison sanction does not demean the seriousness of the offense; AND
a non-prison sanction will adequately punish the defendant and protect the public AND
factors decreasing seriousness outweigh those increasing seriousness; AND
there is less likelihood of recidivism.
AND THEREFORE imposes Five (5) years of community control * * *
Appellant concedes the Judgment Entry reflects the proper statutory language, but maintains the judgment entry was in conflict with the trial court's statements at the sentencing hearing. It is axiomatic, in Ohio a court speaks through its journal. State ex rel. Worcester v. Donnellon (1990), 49 Ohio St.3d 117. Because the trial court balanced the facts against the statutory sentencing factors, we find no abuse of discretion in the sentence imposed. Appellant's sole assignment of error is overruled.
The January 25, 1999 Judgment Entry of the Delaware County Court of Common Pleas is affirmed.
By: Hoffman, J. Wise, P.J. and Gwin, J. concur