OPINION
The Defendant-Appellant, Joseph A. Mohr ("appellant"), appeals his convictions and sentence for aggravated trafficking, a violation of R.C.2925.03(A)(1)(C)(1)(b), a felony in the second degree; aggravated trafficking, a violation of R.C. 2925.03(A)(1)(C)(1), a felony in the third degree; and trafficking in marijuana, a violation of R.C. 2925.03
(A)(1)(E)(1)(b), a felony in the third degree. For the following reasons, we affirm the appellant's conviction.
On August 28, 1996, the appellant plead guilty to an amended indictment. On October 2, 1996, the appellant was sentenced to an indefinite term on the second degree felony, with a minimum of two years and a maximum of fifteen years in the Ohio Department of Rehabilitation and Correction and two years for each of the remaining two counts. The sentences were ordered to run concurrently. The trial court also imposed a fine in the amount of $5000. The appellant now appeals, setting forth four assignments of error.
 Assignment of Error No. 1
In violation of the United state's [sic] Constitution, the 14th Amendment, and the Ohio Criminal Rule 11, to the prejudice of the Appellant, the trial Court abused its discrection [sic] when it imposed a $5,000 fine in lieu of the fact Appellant was indigent and the plea greement [sic] signed stated the maximum of $4,500.
The appellant initially contends that he was indigent at the time of the plea and therefore the trial court erred in imposing a fine. The record indicates that the appellant owned an automobile and a house trailer at the time he entered the plea. At the sentencing hearing, the appellant's attorney addressed the fact that the appellant was unable to provide the court with an affidavit of indigency due to the ownership of the above-mentioned assets. Regardless of the appellant's situation now, he was clearly not indigent at the time of sentencing. Therefore, the trial court did not err in imposing a fine against the appellant.
The appellant further contends that the trial court erred by failing to inform him that he was subject to a fine in violation of his rights under the United States Constitution and Crim.R. 11. Crim.R. 11(C)(2) requires the trial judge to personally inform the defendant of the constitutional guarantees he waives by entering a guilty plea. State v. Nero (1990), 56 Ohio St.3d 106. These guarantees include (1) the Fifth Amendment privilege against compulsory self-incrimination, (2) the right to trial by jury, and (3) the right to confront one's accusers. Id. at 107, citingBoykin v. Alabama (1969), 395 U.S. 238, 242-243. In addition to the constitutional guarantees, Crim.R. 11(C) requires the trial judge to inform the defendant of certain other matters before accepting a guilty plea. Nero, 56 Ohio St.3d at 107. Specifically, and relevant to this matter, Crim.R. 11(C) requires:
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 The record in this case indicates that the trial judge did inform the appellant of the constitutional rights that he was waiving by pleading guilty. However, the judge failed to inform the appellant of the maximum fine involved, as required by Crim.R. 11(C)(2)(a).
The Ohio Supreme Court has held that while literal compliance with Crim.R. 11 is certainly the preferred practice, the fact that the trial judge did not do so does not require vacation of the defendant's guilty plea if the reviewing court determines that there was substantial compliance. State v. Stewart (1977),51 Ohio St.2d 86, 92-93, Nero, 56 Ohio St.3d at 108. Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Stewart, 51 Ohio St.2d at 93, Statev. Carter (1979), 60 Ohio St.2d 34, 38, certiorari denied (1980),445 U.S. 953. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. Stewart,51 Ohio St.2d at 93. The test is whether the plea would have otherwise been made. Id.
Applying the Stewart rule to the facts in this case, we find that there was substantial compliance with Crim.R. 11(C)(2)(a). The record below supports the conclusion that the appellant knew there was a possibility that a fine would be imposed as part of his sentence. The appellant was given a petition to enter a plea of guilty, which indicated that a fine could be imposed. He signed this form indicating that he was offering a plea of guilty freely and voluntarily with full understanding of all matters set forth in the petition. The Appellant's counsel addressed the possibility of fines when he addressed the court on the appellant's behalf at the sentencing hearing.
 MR. BURCHFIELD: * * * We cannot come to you today with affidavit of indigency in regards to the mandatory fine, because of the ownership of a certain automobile, which is referenced in the PSI. * * *
Additionally, the appellant admits in his brief that he was aware of the possibility of the fine. For these reasons, we hold that the totality of the circumstances indicate that the appellant knew he was subject to a fine and was not prejudiced by the trial court's failure to comply with Crim.R. 11(C)(2)(a). The trial court's acceptance of the appellant's guilty plea without personally advising him that a fine could be imposed constitutes substantial compliance with Crim.R. 11.
The appellant next maintains that the amount of the fine was improper. The appellant was clearly aware that a fine may well be part of the sentence imposed by the court; there was just some confusion as to the maximum amount. As previously noted, the appellant was given a petition to enter a plea of guilty. This petition incorrectly stated that the maximum fine the court could impose was $4500, but the trial court actually imposed a fine of $5000. We do not believe that had the appellant been aware of the additional $500 he would have changed his mind and not entered a guilty plea. Therefore, we do not believe that the error was so prejudicial as to require the appellant's guilty plea to be vacated. However, pursuant to our authority to review and modify under App. R. 12 (B), we modify appellant's fine to $4500 and affirm the judgment as modified.
Accordingly, appellant's first assignment of error is overruled.
 Assignment of Error No. 2 Appellant was denied due process guarnateed [sic] in the 14thAmendment to the United States Constitution and the OhioRevised Code Sections 2945.42 et seq., when the state seizedand forfeited appellant's mobile home with out [sic] firstfiling a civil action.
The appellant contends in his second assignment of error that his mobile home was seized in violation of his constitutional rights because the state failed to first file a civil action. For the following reasons, we do not agree.
When contraband is seized, the court that has jurisdiction over the underlying criminal case also has jurisdiction over the forfeiture proceeding. R.C. 2933.43(C). Accordingly, the appellant's second assignment of error in overruled.
 Assignment of Error No. 3[1] The trial court abused its discretion when it failed to takeinto consideration the criteria and presumption as set forthin R.C. 2929.12 or any other factors prior to sentencingappellant.
The appellant contends in his third assignment of error that the trial court failed to consider the proper criteria before passing sentence. For the following reasons, we do not agree.
As a general rule, a trial court has broad discretion when sentencing a defendant. State v. Bivens (1988), 49 Ohio App.3d 75. As such, when considering whether a trial court erred in imposing a particular sentence, this court must determine whether the trial court abused its discretion.[2] State v. Polick
(1995), 101 Ohio App.3d 428, 430. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157. An appellate court will not reverse a trial court's exercise of discretion in sentencing where sentence imposed is authorized by statute and is within statutory limits. State v. Hill (1994),70 Ohio St.3d 25, citing Toledo v. Reasonover (1965), 5 Ohio St.2d 22.
In this case, the trial court specifically listed the factors that it had considered prior to imposing its sentence upon appellant. For instance, the trial court considered the appellant's extensive criminal record, which consumed seven pages of the Pre-Sentence Investigation Report and the fact that the appellant had not chosen to avail himself of the community sanctions, imposed as conditions of probation. This indicates that the court considered the criteria set forth in R.C. 2929.12. The sentence is within the parameters of R.C. 2929.11. Therefore, we cannot say that the trial court abused its discretion. Accordingly, the appellant's third assignment of error is overruled.
 Assignment of Error No. 4 The trial court abused its discretion to the prejudice ofappellant when the court accepted appellant's plea inviolation of Crim. Rule 11.
In his fourth assignment of error, the appellant claims the trial court abused its discretion by accepting his guilty plea in violation of Crim.R. 11. The appellant fails, however, to present any argument in support of his contention.
Ohio Appellate Rule 16(A)(7) provides that an appellant's brief must include "an argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which the appellant relies. Under App. R. 12(A)(2) the court may "disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App. R. 16(A).
The appellant has failed to present any support for his assignment of error. He simply stated the assignment without indicating what actions of the trial court were in violation of Crim.R. 11. Therefore, his fourth assignment of error is overruled.
Accordingly, having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 BRYANT, P.J., and SHAW, J., concur in judgment only.
[1] This assignment is improperly labeled No. 4 in appellant's brief. The court corrected the numbering for clarity.
[2] The offenses the appellant plead guilty to occurred between December 21, 1995 and January 17, 1996. Therefore, the sentencing guidelines of Senate Bill 2 do not apply.