OPINION
Appellant-defendant Michael E. King brings this appeal from the judgment of the Court of Common Pleas of Auglaize County sentencing him for his convictions on two counts of burglary.
On December 14, 1999, Appellant and two accomplices broke into the home of Margaret Kill, an 82-year-old woman who lived alone, and stole various items. Mrs. Kill awoke during the burglary and was beaten by one of the burglars. That same evening, Appellant went with his accomplices to the home of Robert Garland where two of them entered the home and stole cash and a shotgun. In January 2000, Appellant was indicted on nine counts related to the two burglaries. Appellant pled not guilty to all nine counts on January 12, 2000. On February 9, 2000, Appellant changed his plea to guilty as to counts II, V, VI, VII, and VIII. The remaining counts were dismissed pursuant to the plea negotiation. The court, after reviewing the factors set forth in R.C. 2929.12, sentenced Appellant to the maximum sentence on each count and ordered that the sentences be served consecutively.
On March 3, 2000, Appellant moved the court to withdraw his prior pleas of guilty, which the court granted. Appellant then entered guilty pleas to counts II and VII pursuant to a new plea agreement. The prosecution dismissed the remaining counts. The court then sentenced Appellant to eight years on each offense to be served consecutively.
Appellant raises the following assignments of error.
 The trial court failed to properly follow the sentencing criteria set forth in [R.C. 2929.13 and 2929.14], resulting in [Appellant] receiving the maximum sentence on each count.
 The trial court failed to follow [R.C. 2929.19(B)] by ordering the sentences to be served consecutively to each other.
 In the first assignment of error, Appellant claims the court did not follow the guidelines of R.C. 2929.13 and 2929.14. The trial court has broad discretion when imposing a sentence. State v. Bivens (1988), 49 Ohio App.3d 75, 550 N.E.2d 497. Generally, an appellate court will not reverse a trial court's exercise of discretion if the sentence imposed is within the statutory limit and the trial court considered the statutory criteria. State v. Tutt (1988), 44 Ohio App.3d 138, 541 N.E.2d 1090.
 R.C. 2929.13 states in pertinent part:
 (A) Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in [R.C. 2929.14 to 2929.18].
 * * *
 (B) Except as provided in division (E) or (F) of this section, for a felony of the first or second degree . . . it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under [R.C. 2929.11]. Notwithstanding the presumption established under this division, the sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender for a felony of the first or second degree . . . for which a presumption in favor of a prison term is specified as being applicable if it makes both of the following findings:
 (1) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime because the applicable factors under [R.C. 2929.12] indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.
 (2) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under [R.C. 2929.12] that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.
R.C. 2929.14 provides in pertinent part:
 (A) Except as provided in division (C), (D)(2), (D)(3), (D)(4), or (G) of this section . . ., if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter . . ., the court shall impose a definite prison term that shall be one of the following.
 * * *
 (2) For a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years.
 * * *
 (B) Except as provided in division (C), (D)(2), (D)(3), or (G) of this section, in [R.C. 2907.02] or in [R.C. 2925.], if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense . . ., unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 (C) Except as provided in division (G) of this section or in [R.C. 2925.], the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense . . . only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes. . . .
 * * *
 (E)(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
* * *
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 In this case, Appellant claims that he did not commit the worst forms of the offense, so the maximum sentence was not justified. The record, however, reveals the court reviewed all of the factors set forth in R.C. 2929.11. Additionally, Appellant admits that during the burglary of Mrs. Kill's home, the elderly woman was beaten about the head in such a manner that her injuries were found to be life threatening. Appellant also admits that one of his accomplices threatened to shoot Mrs. Kill. The court considered the factor that Appellant and his accomplices had planned out the burglaries, had concocted a "cover story" about the robbery being part of a gang initiation, and caused substantial damage to the home. The second burglary was perpetrated against people who had given Appellant a home and had tried to help him. Appellant used his information about the house and the Garland family to help organize the burglary of the home where a shotgun was stolen. Mr. Garland testified at the re-sentencing that he and his wife have changed their lifestyles due to the burglary and feared what Appellant would do to them when he was released. Mr. Garland then asked the court to sentence Appellant to the longest time of imprisonment possible. These facts support the court's finding that this is one of the worst offenses. Therefore, the trial court did not err by imposing the maximum sentence. The first assignment of error is overruled.
Appellant argues in the second assignment of error that the court erred by ordering the sentences to be served consecutively.
 (B)(1) At the sentencing hearing, the court, before imposing sentence, shall consider the record, any information presented at the hearing by any person pursuant to division (A) of this section, and, if one was prepared, the presentence investigation report made pursuant to [R.C. 2951.03], and any victim impact statement made pursuant to [R.C. 2947.051].
 (2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 (c) If it imposes consecutive sentences under [R.C. 2929.14], its reasons for imposing the consecutive sentences.
 R.C. 2929.19(B). Here, the court reviewed the appropriate factors and the evidence given at both hearings and found that the maximum sentence was inadequate to punish the offender, to protect the public from future crime, and was demeaning to the seriousness of the crimes. Based upon the evidence before it, including, Appellant's extensive juvenile history of theft, the statements of the victims, and the violent nature of the Kill burglary, the court determined that consecutive sentences were needed. Based upon the evidence before it, the court made the findings required by R.C. 2929.19(B). Therefore, the second assignment of error is overruled.
 The judgment of the Court of Common Pleas of Auglaize County isaffirmed.
HADLEY, P.J., and SHAW, J., concur.