OPINION
Defendant-appellant, Mark Anthony Simpson, appeals his sentence of maximum and consecutive prison terms for two counts of corruption of a minor in the Clermont County Court of Common Pleas. For the following reasons, we affirm.
On March 3, 1999, the Clermont County Grand Jury indicted appellant on two counts of rape in violation of R.C.2907.02(A)(2), each a felony of the first degree, and two counts of corruption of a minor in violation of R.C. 2907.04(A), each a felony of the fourth degree. All the charges involved appellant's fourteen-year-old niece.
The Clermont County indictment represented part of a chain of similar offenses occurring near the Clermont and Hamilton County border involving appellant, age thirty-seven, and his juvenile niece. Apparently, the bulk of the offenses occurred in Hamilton County. As a result, the Hamilton County Grand Jury also indicted appellant for a series of charges, the identity of which are unclear from the Clermont County record. In the Hamilton County matter, appellant pled guilty to two counts of first-degree felony rape and received an agreed sentence of eight years imprisonment. As part of the plea, appellant further agreed to be classified as a sexual predator pursuant to R.C. 2950.09.
On April 27, 1999, appellant pled guilty in the Clermont County Common Pleas Court to the two counts of fourth-degree felony corruption of a minor. These counts did not relate to the same acts as the Hamilton County rape counts. By consent of the State, the two first-degree felony rape charges were dismissed. The trial court then ordered a presentence investigation report.
By the May 28, 1999 sentencing hearing, appellant had already received the Hamilton County sentence. The presentence investigation report showed that appellant had not previously served a prison term. After a review of the sentencing criteria, the Clermont County Common Pleas Court imposed the maximum prison term of eighteen months on each count of corruption of a minor. The court further ordered these terms to be served consecutively to each other and consecutively to the eight-year Hamilton County sentence. The court memorialized its decision in a June 3, 1999 judgment entry. The court delayed the required sexual classification hearing until June 25, 1999 because of a lack of proper notice to appellant. Upon that hearing the court, like the court in Hamilton County, found appellant to be a sexual predator. The court then issued an amended judgment entry on June 29, 1999 reflecting the sexual classification information. Appellant appeals, raising a single assignment of error:
 THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE IN FAILING TO SENTENCE HIM TO THE MINIMUM PRISON TERM AUTHORIZED FOR HIS OFFENSES, AND BY IMPOSING, INSTEAD, MAXIMUM CONSECUTIVE TERMS.
We sua sponte remove this matter from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion. In his single assignment of error, appellant challenges three aspects of his sentence: (1) the decision to impose more than the minimum prison term for each count; (2) the decision to impose the maximum prison term for each count; and (3) the decision to impose the prison terms consecutively.[1] We will consider these challenges in that order.
 Standard of Review
Before passage of Senate Bills 2 and 269 in 1996, the standard of review for issues of sentence length was abuse of discretion.State v. Yontz (1986), 33 Ohio App.3d 342, 343. Generally, trial courts did not abuse their discretion by imposing a sentence anywhere in the range authorized by statute. State v. Beasley
(1984), 14 Ohio St.3d 74, 75.
The 1996 revision provides a more structured process of sentencing and of appellate review. Abuse of discretion is no longer the proper standard of review for these cases. Now, an appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law or the statute. R.C. 2953.08(G)(1). See State v. Shryock (Aug. 1, 1997), Hamilton App. No. C-961111, unreported. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The applicable record to be examined by a reviewing court shall include the following: (1) the presentence investigative report; (2) the trial court record in the case in which the sentence was imposed; and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentenced was imposed. R.C.2953.08(F)(1)-(3).
 The Decision to Impose More Than the Minimum Prison Term
Corruption of a minor is classified as a felony of the fourth degree when, as here, the offender is four or more years older than the victim. The possible prison term for each count of a felony of the fourth degree ranges from six to eighteen months. R.C. 2929.14(A)(4). Once a trial court makes the decision to impose a prison term, R.C. 2929.14(B) states the court shall impose the minimum term for an offender who, like appellant, has not previously served a prison term unless it finds on the record either that a minimum sentence would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender or others.
The Ohio Supreme Court recently held that when a court imposes a prison term greater than the minimum, it need not specify its underlying reasons on the record. Rather, it is sufficient that the record reflect the court engaged in the statutory analysis and found either or both of the R.C. 2929.14(B) exceptions warranted a longer sentence. State v. Edmonson (1999), 86 Ohio St.3d 324,326.
When making R.C. 2929.14(B) determinations, a trial court is guided by the "seriousness" and "recidivism" factors listed in R.C. 2929.12. State v. Mariana (Dec. 30, 1999), Butler App. No. CA99-09-202, unreported. Although not dispositive, we note in this case that the General Assembly clearly intended corruption of a minor to be more serious by nature than a typical fourth degree felony offense. While community control sanctions are favored for most fourth and fifth degree felony offenses, R.C.2929.13(B)(1)(f) provides that commission of this offense is one of the triggering factors making imprisonment more likely. While R.C. 2967.28(C) provides that post-release control for most fourth and fifth degree felony offenses is optional and up to three years, R.C. 2967.28(B)(1) makes it mandatory and five years for felony sex offenses like this one. Finally, R.C. 2950.01 et al. specially requires, at a minimum, a ten-year registration period with law enforcement upon release from prison for this offense.
With this perspective, we now examine the adequacy of the record in this matter. At the sentencing hearing, the trial court clearly stated pursuant to R.C. 2929.14(B) both that the shortest prison term would demean the seriousness of appellant's conduct and that it would not adequately protect the public from future crime by appellant. Our review of the record convinces us the trial court engaged in the necessary statutory process to arrive at these findings, including an examination of the R.C. 2929.12
"seriousness" and "recidivism" factors. The court then included its R.C. 2929.14(B) findings in the written judgment entry and amended judgment entry.
After our review of the record, we cannot say by clear and convincing evidence that the decision to impose more than the minimum prison term of six months for the two counts of corruption of a minor is not supported by the record or is contrary to law.
 The Decision to Impose Maximum Prison Terms
As applicable in this matter, a trial court may impose the maximum prison term upon offenders "who committed the worst forms of the offense" or "who pose the greatest likelihood of committing future crimes." R.C. 2929.14(C).[2] We have previously held that the "seriousness" and "recidivism" factors of R.C. 2929.12
provide useful guideposts in making these determinations. Statev. Coyle (Oct. 13, 1997), Clermont App. No. CA97-02-014, unreported. In many instances where a maximum sentence is imposed, R.C. 2929.19(B)(2)(d) or (e) require the court to give its underlying reasons for doing so. In Edmonson, the Ohio Supreme Court made clear that these reasons are distinct from R.C.2929.14(C) findings. Edmonson, 86 Ohio St.3d at 326.
Upon our analysis of R.C. 2929.19(B)(2)(d) and (e), however, we find neither apply in this instance. R.C. 2929.19(B)(2)(d) pertains to a maximum sentence for "one offense." Here, appellant was sentenced on two counts of corruption of a minor, making R.C.2929.19(B)(2)(d) inapplicable. R.C. 2929.19(B)(2)(e) pertains to a maximum sentence imposed for the highest of "two or more offenses arising out of a single incident." In this matter, the indictment and bill of particulars describe both pertinent counts as occurring in November 1998. However, during the change of plea hearing, the trial judge asked if the two counts represented separate occurrences. The prosecutor responded that the two counts represented "two separate acts of sexual conduct." Appellant did not challenge this statement. We find this record supports the conclusion that these acts did not arise out of a "single incident," making R.C. 2929.19(B)(2)(e) inapplicable. Therefore, with the imposed maximum prison terms in this instance not subject to R.C. 2929.19(B)(2)(d) or (e), the record need only include R.C. 2929.14(C) findings.
At the sentencing hearing, the trial court clearly stated pursuant to R.C. 2929.14(C) both that appellant committed the worst forms of the offense and that appellant posed the greatest likelihood of committing future crimes. Our review of the record convinces us the trial court engaged in the necessary statutory process to arrive at these findings, including an examination of the R.C. 2929.12 seriousness and recidivism factors. The court then included its R.C. 2929.14(C) findings in the written judgment entry.
Appellant argues the record does not support a conclusion that he committed the worst form of this offense, pointing out that we surely have seen worse in other cases. This argument ignores the fact that the critical R.C. 2929.14(C) language, "worst forms," is in the plural. We agree with the First, Fourth, and Seventh Appellate Districts specifically addressing this issue that the General Assembly intended "worst forms" to include multiple qualifying forms of any particular offense. State v. Mushrush
(June 18, 1999), Hamilton App. No. C-980658, unreported; State v.Patterson (Sept. 21, 1998), Washington App. No. 97CA28, unreported; State v. Pickford (Feb. 22, 1999), Jefferson App. No. 97-JE-21, unreported. To hold otherwise "assumes that there is only one worst way to commit an offense and that any conduct falling below that mark is undeserving of the maximum sentence."Pickford at 9. We join the other districts in rejecting such an approach.
After our review of the record, we cannot say by clear and convincing evidence that the decision to impose maximum prison terms of eighteen months for the two counts of corruption of a minor is not supported by the record or is contrary to law.
 The Decision to Impose Consecutive Prison Terms
To impose consecutive prison terms, R.C. 2929.14(E)(4) requires a trial court to make three findings. First, consecutive terms must be necessary to protect the public from future crime or to punish the offender. Second, consecutive terms must not be disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Finally, R.C.2929.14(E)(4)(a),(b), and (c) require one of the following must apply: (a) the offender committed multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to R.C. 2929.16, 2929.17, or 2929.18, or was under post-release control for a prior offense; (b) the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
When making these R.C. 2929.14(E)(4) findings, R.C.2929.19(B)(2)(c) additionally requires a trial court to give its supporting reasons for the consecutive prison terms. The Ohio Supreme Court in Edmonson did not address whether the R.C.2929.19(B)(2)(c) supporting reasons are to be distinct from R.C.2929.14(E)(4) findings. However, based on the Edmonson holding requiring distinction between maximum sentence findings and their R.C. 2929.19(B)(2)(d) supporting reasons discussed above, reviewing courts considering this issue are concluding that R.C.2929.14(E)(4) consecutive sentence findings should be similarly distinct from R.C. 2929.19(B)(2)(c) supporting reasons. See Statev. Agner (Oct. 29, 1999), Allen App. No. 1-99-08, unreported;State v. Hendking (Feb. 3, 2000), Cuyahoga App. No. 75179, 75180, unreported; State v. Eden (Nov. 17, 1999), Lorain App. No. 97CA006991, unreported. We agree with the Third, Eighth and Ninth Appellate Districts that this Edmonson holding should logically apply to consecutive sentences.
Here, the record demonstrates that the court satisfied both statutory requirements. First, the court clearly and specifically made all three necessary R.C. 2929.14(E)(4) findings, both at the sentencing hearing and on the resulting judgment entries. Regarding the third finding, the court found both R.C.2929.14(E)(4)(b) and (c) applicable.
Second, the court also gave sufficient R.C. 2929.19(B)(2)(c) supporting reasons for these R.C. 2929.14(E)(4) findings.[3]
The difference in age between appellant, thirty-seven, and the victim, fourteen, was significant. Appellant began this pattern of conduct with the victim when she was thirteen years old. As the victim's uncle, appellant took advantage of the victim's trust in him. Compare State v. Martell (Nov. 29, 1999), Clermont App. No. CA99-01-009, CA99-05-054, unreported. Strong natural barriers preventing this type of conduct, such as an adult's protection instinct for children and the instinct against incest, broke down for appellant. The victim now faces substantial emotional challenges in her relationships with family and men.
The court further observed that appellant had a previous criminal history for similar conduct. In 1980, appellant was charged with corruption of a minor. That charge was dismissed when the victim failed to appear in court. In 1991, appellant was charged with public indecency stemming from an allegation of exposing himself to his eleven-year-old daughter. The appellant pled to a reduced charge of disorderly conduct and was ordered to undergo mental health treatment. In 1995, appellant was convicted of attempted gross sexual imposition, reduced from gross sexual imposition, involving the same juvenile daughter. He was placed on probation and ordered to undergo sex offender treatment. While still on probation for that offense, appellant committed the instant offenses involving his juvenile niece.
Appellant argues, in part, that reversal in favor of concurrent sentences is required "in light of the fact that these charges in [Hamilton and Clermont County] all sprang from a single, continuous course of conduct." Appellee's brief, p. 5. However, we note that R.C. 2929.14(E)(4) does not require, or even create a special consideration for, concurrent sentences in such instances. While this may be one of many factors to consider, we decline to create a new legal standard in this area.
After our review of the record, we cannot say by clear and convincing evidence that the decision to impose consecutive prison terms for the two counts of corruption of a minor is not supported by the record or is contrary to law.
 Conclusion
We have reviewed the record pursuant to R.C. 2953.08(F)(1)-(3) and examined the trial court's findings, as well as the sufficiency of its supporting reasons. In conjunction with the R.C. 2953.08(G)(1) standard of review, we cannot say by clear and convincing evidence that the decisions to impose more than a minimum term, maximum terms, or consecutive terms for the two counts of corruption of a minor are not supported by the record or are contrary to law. Appellant's assignment of error is therefore overruled.
Judgment affirmed.
YOUNG and WALSH, JJ., concur.
[1] There is no appeal from the trial court's initial decision to impose a prison term rather than some form of community control. See R.C. 2953.08(A)(2), 2929.13(B)(1)(f).
[2] R.C. 2929.14(C) also authorizes a maximum prison term for "certain major drug offenders" and "certain repeat violent offenders."
[3] As is often the case in our review of many Senate Bill 2 sentencing cases, the trial court's stated reasons supporting consecutive terms are also relevant to its decisions to impose more than the minimum term as well as maximum terms.