Defendant Ronald K. Cox has appealed from a judgment of the Summit County Common Pleas Court that found him guilty on one count of driving under the influence of alcohol. This Court reverses in part and affirms in part.
 I.
On December 18, 1998, Defendant was arrested for driving under the influence of alcohol. At the time of his arrest, Defendant told the officers that his name was Robert L. Cox. After interviewing his mother, the officer discovered Defendant's true identity, and he was subsequently indicted for Forgery, Driving Under the Influence (DUI), Falsification, Driving Under Suspension (DUS), and Failure to Control. Within the past six years, Defendant had three prior convictions for identical or similar offenses of driving under the influence.
On August 16, 1999, Defendant pleaded guilty to the Forgery, a fifth-degree felony; DUI, a fourth-degree felony; and DUS, a first-degree misdemeanor. The remaining charges were dismissed. The trial court sentenced Defendant to prison terms of eleven months for the Forgery, eighteen months for the DUI, and six months for the DUS. The trial court ordered the sentences for the Forgery and DUI to be served consecutively in the state penal system, with the sentence for the DUS to run concurrently with the others. Defendant timely appealed, asserting two assignments of error.
 II.
A. Assignment of Error Number One
 The trial court erred in sentencing [Defendant] to a term of imprisonment upon his plea of guilty to a first time violation of [R.C. 4511.19(A)(1)].
 In his first assignment of error, Defendant has argued that the trial court erroneously sentenced him as a repeat offender for a felony DUI. Specifically, Defendant has asserted that because this is his first felony DUI, he was only subject to local incarceration pursuant to R.C. 2929.13(G)(1). This Court agrees.
R.C. 4511.99(A)(4)(a) provides:
 If, within six years of the offense, the offender has been convicted of or pleaded guilty to three or more violations of division (A) or (B) of section 4511.19 of the Revised Code * * *, or if the offender previously has been convicted of or pleaded guilty to a violation of division (A) of section 4511.19 of the Revised Code under circumstances in which the violation was a felony and regardless of when the violation and the conviction or guilty plea occurred, the offender is guilty of a felony of the fourth degree. The court shall sentence the offender in accordance with sections 2929.11 to 2929.19 of the Revised Code and shall impose as part of the sentence a mandatory term of local incarceration of sixty consecutive days of imprisonment in accordance with division (G)(1) of section 2929.13 of the Revised Code or a mandatory prison term of sixty consecutive days of imprisonment in accordance with division (G)(2) of that section, whichever is applicable.
R.C. 2929.13(G) provides, in pertinent part:
 Notwithstanding divisions (A) to (E) of this section, if an offender is being sentenced for a fourth degree felony OMVI offense, the court shall impose upon the offender a mandatory term of local incarceration or a mandatory prison term in accordance with the following:
 (1) Except as provided in division (G)(2) of this section, the court shall impose upon the offender a mandatory term of local incarceration of sixty days as specified in division (A)(4) of section 4511.99 of the Revised Code and shall not reduce the term pursuant to section 2929.20, 2967.193 [2967.19.3], or any other provision of the Revised Code. The court that imposes a mandatory term of local incarceration under this division shall specify whether the term is to be served in a jail, a community-based correctional facility, a halfway house, or an alternative residential facility, and the offender shall serve the term in the type of facility specified by the court. The court shall not sentence the offender to a prison term and shall not specify that the offender is to serve the mandatory term of local incarceration in prison.
Finally, R.C. 2929.16(A) provides:
 * * * The court imposing a sentence for a fourth degree felony OMVI offense upon an offender who is required to serve a mandatory term of local incarceration pursuant to division (G)(1) of section 2929.13 of the Revised Code may impose upon the offender, in addition to the mandatory term of local incarceration, a community residential sanction or combination of community residential sanctions under this section, and the offender shall serve or satisfy the sanction or combination of sanctions after the offender has served the mandatory term of local incarceration required for the offense. Community residential sanctions include, but are not limited to, the following:
* * *
 (3) If the offender is convicted of a fourth degree felony OMVI offense and is sentenced pursuant to division (G)(1) of section 2929.13 of the Revised Code, * * * a term of up to one year in jail less the mandatory term of local incarceration of sixty consecutive days of imprisonment imposed pursuant to that division[.]
 It is undisputed that due to Defendant's prior convictions, the offense in question was a fourth degree felony and, therefore, subject to R.C. 4511.99(A)(4)(a). As a result, the trial court should have sentenced him pursuant to R.C. 2929.13(G)(1) and R.C. 2929.16(A)(3). Defendant's first assignment of error is sustained.
B. Assignment of Error Number Two
 The trial court erred in sentencing [Defendant] to a term of imprisonment based on the prior criminal history available on the record and the sentencing requirements of [R.C. 2929.13] and [R.C. 2929.14].
 In his second assignment of error, Defendant has asserted that the trial court erred in sentencing him to the maximum term for a fourth-degree felony. Essentially, Defendant has argued that the evidence in the record did not support his sentence. This Court disagrees.
Pursuant to App. R. 9, Defendant has the burden of providing an adequate record of the trial court's proceedings, including all the necessary transcripts and documents, for this Court's review. See Sommerville v. Chappell (Dec. 9, 1998), Lorain App. No. 97CA006887, unreported, at 5. In reviewing the transcript of the sentencing proceeding, it appears that the trial court had before it a presentence investigation report. However, this report has not been forwarded to this Court on appeal. Because a presentence investigation report was requested in this case, there is a presumption that the trial court utilized it in imposing a sentence. See State v. O'Neal (Sept. 29, 1999), Summit App. No. 19255, unreported, at 5, quoting State v. Koons (1984), 14 Ohio App.3d 289,291. Because Defendant failed to include the presentence investigation report in the record, this Court cannot properly review the trial court's decision. Defendant has not provided this Court with sufficient evidence, therefore, this Court has no choice but to presume the validity of the trial court's sentencing proceeding and affirm.[1] Defendant's second assignment of error is overruled.
 III.
Defendant's first assignment of error is sustained and his second assignment of error is overruled. The trial court's judgment is reversed in part, affirmed in part, and the cause is remanded for sentencing proceedings consistent with this opinion.
Judgment reversed in part, affirmed in part, and causeremanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
 _____________________________________ BETH WHITMORE FOR THE COURT
BAIRD, P.J. and SLABY, J. CONCUR
[1] This Court notes that the transcript of the sentencing proceedings revealed that because Defendant had multiple DUIs, the trial court considered him a danger to the community and sentenced him accordingly.