DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Richard Hensley, appeals the judgment of the Summit County Court of Common Pleas sentencing him to ten years incarceration for the commission of the crime of kidnapping in violation of R.C. 2905.01. We affirm.
 I. {¶ 2} Appellant was indicted on one count of rape in violation of R.C. 2907.02(A)(2), one count of kidnapping in violation of R.C. 2905.01(A)(2)/(A)(3), one count of felonious assault in violation of R.C. 2903.11(A)(2), one count of sexual battery in violation of R.C. 2907.03(A)(1), one count of abduction in violation of R.C. 2905.02(A)(1), and one count of vandalism in violation of R.C. 2909.05(B)(1)(a)/(B)(1)(b). Each count in the indictment included a firearm specification pursuant to R.C. 2941.145.
 {¶ 3} Pursuant to a plea agreement, Appellant pled guilty to the kidnapping, felonious assault, and vandalism counts in the indictment. His plea included a firearm specification for each count. Following a presentence investigation and a sentencing hearing, the trial court sentenced Appellant as follows: ten years incarceration for kidnapping, seven years incarceration for felonious assault, and one year incarceration for vandalism. These sentences were ordered to be served concurrently. Additionally, the trial court merged all three firearm specifications and sentenced Appellant to a three-year term of incarceration, to be served consecutively to the above sentences. As such, Appellant was sentenced to a cumulative sentence of thirteen years incarceration. Appellant timely appealed his sentence, raising one assignment of error.
 II. ASSIGNMENT OF ERROR
"The trial court erred in sentencing the appellant to the maximum sentence for the crime of kidnapping by improperly following the procedures for such a sentence as stated in O.R.C.2929.14 and 2929.19."
 {¶ 4} In his sole assignment of error, Appellant contends that the trial court erred in sentencing him to the maximum sentence for the crime of kidnapping. We disagree.
 {¶ 5} We begin by noting that R.C. 2953.08(G)(1) provides that this Court will only disturb the trial court's sentencing if we find clearly and convincingly that the record does not support the sentence or that the sentence is contrary to law.
 {¶ 6} In the instant case, a presentence investigation report was ordered. As such, there is a presumption that the trial court utilized it in imposing sentence. State v. O'Neal (Sept. 29, 1999), 9th Dist. No. 19255, citing State v. Koons (1984),14 Ohio App.3d 289, 291. As Appellant failed to include the presentence report in the record, this Court cannot properly review the trial court's decision. Therefore, this Court has no choice but to presume the validity of the trial court's sentencing proceeding. State v. Cox (Apr. 12, 2000), 9th Dist. No. 19773.
 {¶ 7} Additionally, an appellant bears the burden of affirmatively demonstrating error on appeal and substantiating his or her arguments in support. Angle v. W. Res. Mut. Ins. Co.
(Sept. 16, 1998), 9th Dist. No. 2729-M; Frecska v. Frecska
(Oct. 1, 1997), 9th Dist. No. 96CA0086. Moreover, "[i]f an argument exists that can support this assignment of error, it is not this [C]ourt's duty to root it out." Cardone v. Cardone
(May 6, 1998), 9th Dist. Nos. 18349 and 18673.
 {¶ 8} Additionally, App.R. 16 provides in pertinent part the following:
"(A) Brief of the appellant. The appellant shall include in its brief * * * all of the following:
"* * *
"(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. * * *" App.R. 16(A)(7).
 {¶ 9} While Appellant provided transcripts of his sentencing hearing, he has made no reference in his brief to any portion of the record.[1] As such, Appellant has not met his burden to demonstrate error by the trial court. Accordingly, Appellant's sole assignment or error is overruled.
 III. {¶ 10} Appellant's sole assignment of error is overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Batchelder, J., concur.
[1] This Court notes that the transcripts of the sentencing proceedings indicate that the trial court considered Appellant a high risk to reoffend and found that Appellant had committed the worst form of the offense of kidnapping. Pursuant to R.C.2929.14(C), either finding supports a maximum sentence.