OPINION
Kirk D. Tennyson appeals a judgment of the Lake County Court of Common Pleas convicting and sentencing him for two counts of gross sexual imposition and adjudicating him a sexually oriented offender.
Appellant was indicted by the Lake County Grand Jury on four counts of gross sexual imposition, in violation of R.C. 2907.05, felonies of the third degree, and one count of rape, in violation of R.C. 2907.02, a felony of the first degree. Appellant pleaded not guilty to the charges and a bench trial was held.
Jessica Lucas ("Jessica"), the eleven-year-old, post-pubescent victim, was a close friend of appellant's son, Brian Tennyson ("Brian"), and frequently spent time at the Tennyson's home. The charges emanate from appellant's conduct during massages given to Jessica in his home. It is undisputed that: on at least one occasion, appellant asked Jessica to change into a swimsuit or shorts and a T-shirt, straddled Jessica on his waterbed, and massaged her back; and on another occasion massaged her back, stomach, and legs. However, while the victim testified to the contrary, appellant denies ever touching Jessica's erogenous zones or receiving sexual gratification from the massages.
What is known is that, on the morning of March 5, 1998, Jessica went to the Tennysons' home, where Brian and Kimberly Tennyson argued about Lunchables. Jessica repeatedly asked appellant to buy her a Lunchable, and appellant went upstairs to his bedroom. The parties dispute whether appellant had sexual contact with Jessica, on the morning of March 5, 1998.
At trial, Jessica testified that, on a number of occasions between September 1, 1997 and March 5, 1998, appellant gave her back massages. During these massages he touched her back, legs, stomach, breasts, and vagina with a massager. Jessica testified, without objection, that Brian told her his father had an erection during one of these massages.
Jessica testified that, on March 5, 1998, she went into appellant's bedroom, where he was using his computer. After sitting on the bed for a few minutes, she asked appellant for a back massage. She lay on her back on appellant's bed and pulled her jacket over her head. She testified that appellant unzipped her pants and touched her vagina and breasts, under her clothing.
Upon arriving at school, Jessica reported appellant's conduct to her sixth grade teacher, Amy Harker, and the school principal, Rose Marie Rogers. As a result, Ellen Conrad, a Lake County Social Worker, and Officer Gerri Lynn Deutsch, of the Mentor-on-the Lake-Police Department, were contacted.
Ellen Conrad and Officer Deutsch testified that appellant voluntarily went to the police station to discuss Jessica's allegations. Initially, appellant denied the allegations and explained that this situation stemmed from his refusal to buy Jessica a Lunchable. He prepared a written statement denying any sexual contact with Jessica. Officer Deutsch reviewed it and conducted a verbal interview, which was not audiotaped or videotaped. During this interview, Officer Deutsch and Ellen Conrad testified that appellant stated that: he had given Jessica three or four massages, prior to March 5, 1998; he straddled Jessica during one massage and on subsequent massages lay next to her on his waterbed; on one occasion he asked Jessica to change into shorts, to protect her clothing from snagging on the massager; and, generally, he asked her to unsnap her bra. They further testified that appellant also told them he may have touched Jessica's breasts while he was massaging her stomach and, on one occasion, he got an erection while he was giving Jessica a back massage and thinking about how she would look at the age of eighteen. Officer Deutsch further testified that when he asked appellant: "if Jessica said that you touched her breasts would she be telling the truth, he stated yes."At trial, appellant denied any sexual contact with Jessica, including the entire incident on March 5, 1998. He testified that, prior to March 5, 1998, he had given Jessica two massages, using a massager, in the presence of his children. Sometime after the second massage, Jessica asked for another back massage. Instead of giving her a massage, appellant testified, he placed a hand on the backs of Kimberly and Jessica, as the girls lay on Kimberly's waterbed, and rocked them back and forth, creating waves in the waterbed. At some point, appellant realized that he got an erection, left the room, and went downstairs.
Brian Tennyson testified that appellant used the massager on Jessica four times. He stated that, while he was in the room for every massage, he didn't watch because he was using the computer. He also testified that, on March 5, 1998, Jessica came out of the Tennysons's home and told him that his father had unzipped her pants, but he did not believe her.
Appellant was: found guilty of two counts of gross sexual imposition; acquitted of the remaining charges; sentenced to two years imprisonment on each of the two counts, to run concurrently, with twenty-one days credit for time served; notified that post release control was mandatory; and, adjudicated a sexually oriented offender. Appellant assigns the following assignments of error:
 "[1.] The trial court erred in finding appellant guilty against the manifest weight of the evidence as the prosecution failed to prove each and every element of Ohio Revised Code section 2907.05, as alleged in counts one and three of the indictment beyond a reasonable doubt. (T.d. 1, 56).
 "[2.] The trial court erred in finding appellant `guilty' on counts one and three of the indictment as the evidence presented was not sufficient to support such convictions. since, even with the evidence construed in a light most favorable to the prosecution, no rational trier of fact could have found the essential elements of Ohio Revised Code Section 2907.05(a)(4) proven beyond a reasonable doubt. (T.d 1, 56).
 "[3.] The trial court erred to the prejudice of defendant-appellant in sentencing the appellant to serve a stated prison term of two (2) years without suspending said suspension in favor of community control sanctions. (T.d. 59).
 "[4.] The trial court erred to the prejudice of the appellant in adjudicating the appellant as a sexually-oriented offender and the imposition of a duty to register and other criteria imposed thereby violates the appellant's due process and equal protection rights granted by the United States and Ohio Constitutions."
 In appellant's first assignment of error, he contends that the trial court's finding of guilty is against the manifest weight of the evidence. "A manifest weight challenge requires a reviewing court to review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflict in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Bowling, Trumbull App. No. 2000-T-0003, unreported 2000 Ohio App. LEXIS 5377; citing State v. Earle (1977), 120 Ohio App.3d 472-473. Weight of the evidence concerns its "effect in inducing belief"; it is not a question of mathematics. State v. Thompkins
(1997), 78 Ohio St.3d 380, 387.
In this case, to convict appellant of gross sexual imposition, the state was required to prove beyond a reasonable doubt that appellant violated R.C. 2907.05, which provides in relevant part:
 "(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
 "(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person."
 Sexual contact is defined as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B). It is sufficient to present circumstantial evidence from which the finder of fact can infer the purpose of the act was for sexual gratification; no direct evidence of the accused's mental state is required. State v. Said (Mar. 26, 1993), Lake App. No. 92-L-018, unreported, at *16, 1993 Ohio App. LEXIS 1751. "A sexual purpose can be inferred from the nature of the act itself if a reasonable person would find that act sexually stimulating to either the offender or the victim." In re Bloxson (Feb. 6, 1998), Geauga App. No. 97-G-2062, unreported, 1998 Ohio App. LEXIS 420, at *4. A reasonable person can infer that placing one's hand down a young female's pants and touching her breasts is sexually stimulating. See, e.g., Bloxon, supra, at *5.
Jessica was eleven years old, but had begun her menses prior to the time of the offenses. She testified that, during a number of back massages, appellant touched her breasts and vagina over her clothing using a massager. She also testified that, on March 5, 1998, appellant touched her breasts and vagina, under her clothing. The victim's testimony regarding sexual contact is sufficient to prove gross sexual imposition. See State v. Jones (1996), 114 Ohio App.3d 306, 325. Officer Deutsch and Ellen Conrad testified that appellant told them that during one of the massages he had become aroused and may have touched Jessica's breasts during another massage.
Appellant denies having any sexual contact with Jessica; thus, the evidence in this case is not overwhelming. However, if believed, the testimony of Jessica, Officer Deutsch, and Ellen Conrad provides sufficient evidence of gross sexual imposition. We find nothing in the record of the proceedings to suggest that the court, in resolving conflicts in the testimony, lost its way or created such a manifest injustice to warrant reversing the conviction. Appellant's first assignment of error lacks merit.
In appellant's second assignment of error, he contends that the state presented insufficient evidence to support the trial court's convictions. A court of appeals, reviewing the sufficiency of the evidence to support a criminal conviction, must examine the evidence admitted at trial and determine whether such evidence, if believed, would convince the trier of fact of the defendant's guilt beyond a reasonable doubt. State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."Id., citing Jackson v. Virginia (1979), 443 U.S. 307.
After reviewing the record, and construing the evidence in a light most favorable to the prosecution, we conclude that appellant's convictions were supported by competent, credible evidence, including the testimony of Jessica, Officer Deutsch, and Ellen Conrad. Thus, appellant's second assignment of error lacks merit.
In appellant's third assignment of error, he contends that the trial court erred in sentencing him to two years imprisonment instead of imposing a community control sanction. A trial court has broad discretion in sentencing a defendant, and a sentence will not be disturbed absent an abuse of discretion. See State v. Yontz (1986),33 Ohio App.3d 342, 343. An abuse of discretion is more than error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. See, e.g., State v. Adams
(1980), 62 Ohio St.2d 151, 157-158. We cannot reduce, modify or vacate the sentence imposed by the trial court, unless we find that it is clearly and convincingly unsupported by the record and/or contrary to law. R.C. 2953.08(G)(1)(a) and (d).
The purposes of criminal sentencing, under R.C. 2929.11, are to punish the offender and to protect the public from future crime. To ensure that the sentence imposed is consistent with the purposes of sentencing, R.C.2929.12 provides a non-exhaustive list of factors for the trial court to consider. If, in sentencing an offender for a felony, the court is not required to impose a prison term, a mandatory prison term, or a term of life imprisonment upon the offender, the court may impose community control sanctions. R.C. 2929.15(A)(1).
A review of the sentencing transcript reveals that the court found the following factors increased the seriousness of the offenses: the victim was eleven years of age; the victim suffered; the offender's relationship to the victim facilitated the offense; appellant was a neighbor; and, appellant was almost a surrogate father to the victim. The court also considered the age difference. The victim was eleven and appellant was forty-five. The court declined to consider the appellant's remorse since he did not plead guilty to the offenses. "Pursuant to R.C. 2929.12(D)(5), a defendant's lack of genuine remorse is a factor that indicates a likelihood that he or she will commit future crimes, while R.C.2929.12(E)(5) deems an expression of genuine remorse as a factor indicating that recidivism is not likely." State v. Nutter (Aug. 24, 2001), Wyandot App. No 16-01-06, 2001 Ohio App. LEXIS 3752, unreported at *4. In appellant's favor, the court found that appellant was never adjudged delinquent, had no prior criminal offenses, and had been a law-abiding citizen. Despite this, the trial court stated that it "must protect society and must protect the children of the world so that this matter does not come before us again."
In this case, appellant was convicted of violating, R.C. 2907.05(A)(4), felonies of the third degree. Pursuant to R.C. 2929.14(A)(3), for a felony of the third degree, "the prison term shall be one, two, three, four, or five years."
Appellant had not previously served a prison term. Accordingly, the trial court was required to impose the shortest prison term for the offense or find, on the record, that the shortest prison term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender or others. R.C.2929.14(B). The court found that, pursuant to R.C. 2929.14(B), the shortest prison term would demean the seriousness of the defendant's conduct. "R.C. 2929.14(B) does not require that the trial court give itsreasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence. State v. Edmonson, (1999), 86 Ohio St.3d 324, syllabus.
We conclude that the trial court complied with R.C. 2929.11, 2929.12, and 2929.14(B). The court found that the shortest prison term would demean the seriousness of the defendant's conduct, and that society must be protected. Appellant's sentence is supported by the record and is not contrary to law; the trial court did not abuse its discretion. Appellant's third assignment of error lacks merit.
In appellant's fourth assignment of error, he argues that adjudication as a sexually oriented offender and the duty to register violates due process and equal protection. "In State v. Cremans, 1999 Ohio App. LEXIS 5096 (Oct. 29, 1999), Lake App. No. 97-L-215, unreported, we held that, as applied to an individual who has been found to be a sexually oriented offender, R.C. Chapter 2950 does not violate his due process and equal protection rights." State v. Henton (July 28, 2000), Lake App. No. 97-L-232, unreported, 2000 Ohio App LEXIS 3404, at *3. Further, the Supreme Court of Ohio has upheld the general constitutionality of the sexual offender laws. State v. Williams (2000), 8 Ohio St.3d 513. Appellant's fourth assignment of error is without merit.
Based on the foregoing, the judgment of the Lake County Court of Common Pleas is affirmed.
JUDGE ROBERT A. NADER
CHRISTLEY, P.J., GRENDELL, J., concur.