OPINION
In March 1999, defendant, Gregory A. Harper, was indicted under five separate indictments for a total of twenty-nine counts: ten counts of forgery; one count of theft; eight counts of possessing criminal tools; four counts of tampering with records; and six counts of receiving stolen property. The matters were consolidated for a jury trial, after which defendant was found guilty on twenty-five of the twenty-nine counts. The trial court sentenced defendant to a total of twenty-one years of imprisonment. Defendant appealed his conviction and sentence. This court affirmed the conviction, but remanded for resentencing, finding that the trial court did not comply with the statutory requirements set forth in R.C. 2929.14(E)(4) and 2929.12(B)(2)(c). State v. Harper (Dec. 21, 2000), Franklin App. No. 00AP-23, unreported. On remand, the trial court again sentenced defendant to a prison term of twenty-one years. Defendant has timely appealed, setting forth a single assignment of error:
 When a trial court is reversed on direct appeal, and shows his bias at the resentencing hearing, the constitutional right to a fair sentence for the accused is violated, contra the Fourth, Fifth, Sixth and Fourteenth Amendments.
Pursuant to R.C. 2929.14(E)(4), a court may impose consecutive sentences for convictions of multiple offenses if the court finds that consecutive sentences are necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. [Id.]
R.C. 2929.19(B)(2)(c) further requires that the trial court "make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: * * * [i]f it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences." Id.
At the resentencing hearing, the trial court expressly found, pursuant to R.C. 2929.14(E)(4), that consecutive sentences: (1) were necessary both to protect the public from future crime and to punish defendant; (2) were not disproportionate to the seriousness of defendant's conduct and to the danger defendant poses to the public; and under R.C.2929.14(E)(4)(b) and (c), respectively, that the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of defendant's conduct and that defendant's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by defendant.
Further, the court gave its reasons for imposing consecutive sentences as required by R.C. 2929.19(B)(2)(c). The court noted that defendant was thirty-nine years old, had been imprisoned five times previously, committed multiple offenses involving multiple victims under separate case numbers and engaged in a continuing course of committing theft offenses over a period of years.
Defendant does not contend that the court's findings, or the reasons supporting its findings, do not comport with the requirements set forth in R.C. 2929.14(E)(4) and 2929.19(B)(2)(c). Rather, defendant contends that the court exhibited bias toward defendant at the resentencing hearing which resulted in defendant being sentenced unfairly.
The judiciary must remain detached and neutral in any proceeding before it. State v. Bayer (1995), 102 Ohio App.3d 172 . This does not mean, however, that a trial judge is precluded from making comments during the course of the proceedings. State v. Thomas (1973), 36 Ohio St.2d 68,71. When an issue is raised as to the appropriateness of a judge's comments, a reviewing court must determine whether the remarks were prejudicial to a defendant's right to a fair and impartial hearing. In State v. Wade (1978), 53 Ohio St.2d 182, the Supreme Court of Ohio set forth the following criteria to determine whether a trial court's remarks are prejudicial:
 (1) [T]he burden of proof is placed upon the defendant to demonstrate prejudice, (2) it is presumed that the trial judge is in the best position to decide when a breach is committed and what corrective measures are called for, (3) the remarks are to be considered in light of the circumstances under which they are made, (4) consideration is to be given to their possible effect upon the jury, and (5) to their possible impairment of the effectiveness of counsel. [Id. at 188.]
Upon review of the entire transcript of the resentencing hearing, we find that the trial judge demonstrated no bias toward defendant. Admittedly, the trial judge was openly critical of the sentencing requirements set forth in S.B. 2 and expressed his frustration and displeasure with the Ohio General Assembly for having enacted the legislation. However, the judge specifically stated: "I took an oath to follow the law and I will follow it, notwithstanding my protestations to the contrary." (Tr. 21.) We find nothing in the record to convince this court that the trial judge acted otherwise.
Moreover, even if we were to assume that the trial judge's remarks were inappropriate, defendant has failed to demonstrate how he was prejudiced by the comments. Defendant received the same sentence as that imposed at the original sentencing hearing. Further, the trial court clearly stated its reasons for imposing the sentence upon defendant. As noted above, defendant does not challenge the clarity or accuracy of the logic behind the sentence imposed. Upon considering the factors set out in Wade, we conclude that defendant was not denied a fair sentencing hearing by the trial judge's comments.
We further note that defendant's reliance on Bayer, supra, and State v. Yontz (1986), 33 Ohio App.3d 342, is misplaced. In Bayer, the Eleventh District Court of Appeals found that the trial court displayed bias toward Bayer, thereby denying him a fair trial in a prosecution for menacing an attorney, Edward Brice. Specifically, the court found that the trial court demonstrated favoritism toward Mr. Brice based upon a twenty-year relationship with him when the court stated that Mr. Brice's "credibility is not an issue with this Court anyway. I've known [Mr. Brice] for 20 years." Id. at 181. The court further noted that defendant was biased when the trial court essentially required defendant to testify in violation of his right against self-incrimination and when the trial court demonstrated a predisposition in the matter by stating: "You were going to be convicted no matter what." Id. at 182. The inappropriate conduct in Bayer was much more egregious that the conduct at issue in the instant case. In Bayer, the pointed and frequent participation by the trial judge through commentary or questioning of the defendant left little doubt that the trial court had breached its duty to maintain the appearance of impartiality.
In Yontz, the Twelfth District Court of Appeals vacated a sentence imposed pursuant to Yontz's conviction on five counts of complicity to aggravated burglary and remanded for resentencing because the record was devoid of any indication that the trial court considered the mitigating factors relating to seriousness and recidivism contained in R.C. 2929.12. Although the court asserted as part of its rationale for vacating the sentence that the trial court appeared to be "predisposed to impose a sentence in burglary cases without considering any mitigating factors," we do not agree with defendant's contention that "the judge's strong personal feelings on burglary created the reversal." (Appellant's brief at 16.) As noted previously, the court vacated the sentence because the trial court failed to consider the applicable statutory standards. In contrast to the within case, Yontz did not contend that he was biased by comments made by the judge relating to his personal feelings, nor did the appellate court so find.
Furthermore, we do not agree with defendant's contention that the trial judge in the instant case "us[ed] his own personal feelings as a basis to resentence [defendant]." (Appellant's brief at 16.) While the judge expressed his personal dissatisfaction with the sentencing scheme contained in S.B. 2, there is no evidence that the sentence imposed upon defendant evolved from that dissatisfaction.
We further find no support for defendant's contention that the trial court abused its discretion when it denied defendant's request for a PSI report prior to resentencing defendant. As conceded by defendant, a trial court's decision to order a presentence investigation report is within the sound discretion of the trial court. State v. Adams (1988),37 Ohio St.3d 295, paragraph three of the syllabus. However, defendant argues that "where there is a specific request for a P.S.I., where there is a clear indication that no one knew what Mr. Harper's previous record was, and where the type of felonies, coupled with attempts to show mitigation and remorse, are refused by the trial court, then this situation is one which, frankly, cries out for a pre-sentence investigation." (Appellant's brief at 16-17.)
R.C. 2951.03 provides, in pertinent part:
 (A)(1) No person who has been convicted of or pleaded guilty to a felony shall be placed under a community control sanction until a written presentence investigation report has been considered by the court. * * *
 (2) If a defendant is committed to any institution, the presentence investigation report shall be sent to the institution with the entry of commitment. If a defendant is committed to any institution and a presentence investigation report is not prepared regarding that defendant pursuant to this section, section 2947.06 of the Revised Code, or Criminal Rule 32.2, the director of the department of rehabilitation and correction or the director's designee may order that an offender background investigation and report be conducted and prepared regarding the defendant pursuant to section 5120.16 of the Revised Code.
The above provisions clearly demonstrate that a PSI report is mandatory only if the trial court sentences an offender to community control sanctions, and that the General Assembly has contemplated that some offenders will be sentenced to prison without preparation of a PSI report. State v. Allison (Feb. 5, 1999), Lucas App. No. L-98-1159, unreported.
Further, the language contained in Crim.R. 32.2 supports a finding that a PSI report is not required in the instant case. It reads:
 In felony cases the court shall, and in misdemeanor cases the court may, order a presentence investigation and report before imposing community control sanctions or granting probation.
Since defendant was not sentenced to community control sanctions, no PSI report was required. State v. Cyrus (1992), 63 Ohio St.3d 164, syllabus.
Finally, we note that contrary to defendant's assertions, the record discloses that the trial court was fully aware of the circumstances of the instant case, and had knowledge of defendant's five prior convictions and other information sufficient for it to make its sentencing decision. In addition, the record reveals that the trial court permitted both defendant and defendant's counsel to speak during the hearing. Defendant does not argue on appeal that the trial court erred in denying defendant the opportunity to present evidence of mitigating circumstances.
For the foregoing reasons, this court hereby overrules defendant's assignment of error and affirms the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BRYANT, P.J., and BOWMAN, J., concur.